(88 South. 798)

No. 24024.

## HEINZELMAN v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.

(May 30, 1921.　Rehearing Denied June 15, 1921.)

*(Syllabus by the Court.)*

1. Master and servant ⬤388—Statute defining parent's usufruct of child's estate not in conflict with Employers' Liability legislation.

The provisions of the Civil Code to the effect that parents are entitled to the usufruct of the estates of their minor children, but that the same shall not extend to any estates ac-quired by such children by their own labor, are not in conflict with the provisions of the "employers' liability" legislation, whereby the surviving and dependent parents of a minor, who has died within a year following, and as the result of, an injury received while in the discharge of a duty for which he was employed, are entitled to be paid a portion of the wages that the minor might have earned, had he lived.

2. Master and servant ⬤386(1), 412—Entire compensation not allowable to father as dependent; burial expenses held allowable on appeal from compensation judgment.

Where the dependent relatives of a minor employee, who has been killed by accident while in the discharge of the duty for which he was employed, are both parents, they become entitled to receive from the employer, to be divided between them, during 300 weeks, 55 per cent. of the wages that the minor might have earned had he lived; and if, in such case, the father alone sues in his own name, he may recover one-half of the compensation so allowed; but he cannot recover the share due the mother; nor is the case thus presented one in which the whole amount can be awarded to him by virtue of the provision of the statute (Act No. 20 of 1914, § 18, subd. 4), to the effect that "the judge shall not be bound by * * * any technical or formal rules of procedure other than as herein provided," "since the statute itself provides that the claim for compensation shall be made by the person entitled to it. Where, however, the father, in his petition, claims the amount (not exceeding $100 which the statute declares shall be paid for the burial of the deceased employee and the judgment of the trial court, by apparent inadvertence, fails to award it, it may be allowed by this court, though the plaintiff has not answered the appeal, since that requirement is technical, and it was competent for the General Assembly to authorize the judge to disregard it in the particular instance.

3. Master and servant ⬤388—Father claiming compensation held a "dependent" within statute.

Whether a surviving father is entitled to compensation by reason of the death of his minor son as the result of an injury received while in the discharge of a function for which he was employed depends, in part, upon the interpretation to be placed upon the language of the statute (Act No. 38 of 1918, § 8, subd. 2[g]) which reads "actually dependent on the deceased employee to any extent for support." That language is here interpreted to include

the case of a surviving father whose earnings are insufficient to enable him to discharge the legal obligation of maintaining his wife and children.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dependent.]

**4. Master and servant ⬤⟞386(1)—Compensation to parent payable in installments.**

In the absence of agreement to the contrary, the percentage of wages recoverable by a dependent is to be paid in installments as the wages would have been paid to the deceased employee.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Jacob Heinzelman against the Board of Commissioners of the Port of New Orleans. Judgment for plaintiff, and defendant appeals. Judgment amended and affirmed.

James Wilkinson, of New Orleans, for appellant.

George Sladovich, of New Orleans, for appellee.

### Statement of the Case.

MONROE, C. J. Plaintiff's son, 17 years of age, was killed by accident on November 5, 1918, while employed by defendant and engaged in the work for which he was employed; and, having previously made a demand on defendant for $50,000, on account of his loss, plaintiff, on May 1, 1919, brought suit for that amount, praying, in the alternative, and in the event the courts should hold Act 20 of 1914 and Act 38 of 1918 to be constitutional and applicable, that he have "judgment and compensation under the provisions of these acts, with burial, medical, and other incidental expenses," etc. The suit appears to have been dismissed upon an exception of no cause of action, after which a supplemental petition was similarly disposed of; and thereupon the present suit was instituted, in which plaintiff alleges the employment of, accident to, and death of his son; that he was

receiving $20 a week, and that petitioner was dependent on him, and is entitled to $16 a week for 300 weeks and $150 for funeral expenses; further alleges that, by delaying payment, defendant has forfeited the right to pay by the week, and prays that he have judgment for the lump sum of $4,950, with legal interest, or, in the alternative, for the aggregate amount of the weekly installments from November 5, 1918, until present date, "for $150, funeral expenses, and the balance, completing the period of 300 weeks at the rate of $16 per week, to be paid in weekly installments with costs." There was judgment for plaintiff in the sum of $2,970, with legal interest from September 26, 1919, until paid, and costs. Defendant has appealed. Plaintiff has not answered the appeal. In the brief filed by defendant's counsel, we find the following: "The death, the relationship of plaintiff, and the employment, at the time of the injury, are all admitted." It is also admitted that the judgment should have included $100 for funeral expenses.

### Opinion.

Plaintiff's counsel does not here contest the constitutionality of the compensation legislation or contend that the claim here asserted is not to be determined in accordance therewith, and we are of opinion that the provisions of that legislation that are pertinent to, and determinative of, the issues presented are to be found in Act 20 of 1914, p. 57, and Act 38 of 1918, as follows (Act 20 of 1914, § 18, subd. 4, latter part, p. 57) :

"The judge shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided."

Act 38 of 1918, § 8, subd. 2 (g), p. 54 :

"That for injury causing death within one year after the accident weekly compensation shall be paid under this act for a period of three hundred weeks to the following persons.

\* \* \* If in such event both the father and mother of the deceased survive and were actually dependent on the deceased employee to any extent for support at the time of the injury and death, fifty-five per centum of the wages for their joint benefit."

Subdivision 2 (I), p. 55:

"Whenever under this schedule, compensation is due to several persons in the same class, it shall be equally divided among them."

Subdivision 5, p. 56:

"\* \* \* The employer shall pay or cause to be paid the reasonable expenses of the burial of the employee, not exceeding one hundred dollars."

Subdivision 7, p. 57:

"Payments of compensation under this act shall be paid as near as may be at the same time and places as wages were payable to the injured employee before the accident; but a longer interval may be substituted by agreement, with the approval of the court."

Counsel for defendant argues that plaintiff is entitled to nothing, because, under the provisions of the Civil Code, arts. 223 and 226, though parents are granted the usufruct of the estates of their children, until the children attain their majority, it is expressly declared that such usufruct "shall not extend to any estate which the children may acquire by their own labor." Those provisions, however, deal with the interests of living children; and, moreover, they are not in conflict, but are to be construed with article 229, which declares that "Children are bound to maintain their father and mother, and other ascendants who are in need."

[1] Here we have a statute providing for a different situation; not for the disposition that shall be made of the estate or earnings of a living child, acquired or to be acquired, but for the disposition of part of the wages that a child would, or might, have earned and would have contributed to the maintenance of his parents if he had lived, and which the statute under consideration declares shall be paid by the employer in whose service he was engaged when he lost his life.

[2, 4] Defendant's learned counsel also argues that, as the mother of the child is not mentioned in the petition, nothing should be allowed on her account, the more especially as any such amount, if allowed, would inure to her separate benefit, and should be claimed by her alone; and the argument would be unanswerable in an ordinary case. Plaintiff's counsel, on the other hand, invokes the statutory provision first above quoted (Act 20 of 1914, p. 57), and thinks that, acting thereunder, the courts are authorized to give judgment for the amount due to the mother, as well as for that due the father; but, although we are disposed to give the provision in question the utmost reasonable effect to which it is entitled, we are of opinion that it does not go that far. It declares that the judge shall not be bound by the usual common-law or statutory rules of evidence, "or by any technical or formal rules of procedure other than as herein provided"; but the act itself requires that the claim for compensation shall be made by the person entitled to it, or by some one in his behalf, and within six months after the injury or death (Act 38 of 1918, §§ 12, 13, 14), beyond which the rule of procedure which prevents a judge from condemning a defendant to pay to one person that which he may owe to another can hardly be called "technical or formal," from all of which we conclude that there is error in the judgment appealed from, in that it awards the plaintiff $2,970, which is 55 per cent. of the weekly wage, at $18 a week, that his son would have received during 300 weeks following his death; whereas, assuming that plaintiff was dependent upon the earnings of his son, as provided by the statute, he would be entitled to but one-half of that amount, payable in weekly installments, as his son would have been paid. Defendant's counsel, however, further contends

that plaintiff is entitled to nothing because he is not shown to have been dependent on his son; that he testified that "he spent $550 on the funeral of the boy"; from which it is deduced that he must be a man of means. But plaintiff also testified that he is a barber, working on a commission; that he is an "employee," absolutely; that he earned about $100 a month, not more, "at that time"; that he has no interest in the shop in which he works, except his commission; that he owns no stock, and has no bank account; that he does not own the house in which he and his family live; but that they live in the home of relatives; that his family consists of wife, mother-in-law, and four children; that none of the children earn wages; and that he was dependent on the wages of his son, which were turned over to him because he needed it; that his wife had informed him that it was necessary; that she could hardly get along without $125 or $135 a month.

[3] In the act of 1914, provision was made for persons "wholly" dependent upon employees suffering injury causing death within a year, and also for persons partially dependent, but from the amendatory acts (No. 243 of 1916, p. 515, and No. 38 of 1918, p. 55) the term "wholly dependent" seems to have been eliminated, and the expression, "actually dependent on the deceased employee to any extent," substituted in its stead; and, as we interpret that expression, it applies to a man who, having a wife and children whom the law requires him to support, is unable to discharge that obligation and receives and depends upon aid furnished by the wife or children to enable him so to do. "Dependent to any extent" is a very broad term, and seems to us to include necessary aid furnished for the discharge of any legal obligation, as well as aid required merely in supplying the personal wants of the recipients. The fact that plaintiff spent over $500 in the burial of his son proves only that he was willing, though, considering it from a material point of view, perhaps not able, to spend his last dollar in that way; in fact, he testifies that he had had a few hundreds of dollars in bank, but that, when testifying, he had no bank account. Taking his testimony all together, we conclude that he was dependent upon his son's wages within the meaning of the statute.

The statute, as we have seen, provides that if the deceased employee leaves a dependent father or mother such survivor shall receive 25 per cent. of his weekly wages during 300 weeks; but if he leaves dependent both father and mother, they shall receive 55 per cent. of such wages. In this instance the decedent left both father and mother, equally dependent, and as the statute provides that in such case the benefit shall be divided between them, the fact that one of them fails to demand her or his share affords no reason for denying such share to the other, the more particularly where, as in this case, it seems obvious that the failure was the result of ignorance of the requirement of the law.

The right of the plaintiff to the $100 for the funeral expenses of the deceased son is subject to no condition or qualification. The claim is asserted in the petition, is admitted by defendant's counsel in the brief filed in this court, but it seems to have been overlooked by the trial judge, and the right of the plaintiff to reassert it by answering the appeal in this court appears also to have been overlooked, but the exercise of that right was dependent upon the observance of a technical rule of procedure "other than as provided in the statute, and, as we think, is within the meaning of so much of Act 20, § 18, subd. 4 of 1914, p. 57, as declares that—

"The judge shall not be bound * * * by any technical or formal rules of procedure other than as herein provided.

"The judge shall decide the merits of the controversy as equitably, summarily and simply as may be."

Our conclusion, then, is that plaintiff is entitled to recover one-half of 55 per cent. of the aggregate of his deceased son's weekly wages of $18 per week for 300 weeks, beginning on November 5, 1918, amounting to $1,485, plus $100 for funeral expenses, of which amount he should be paid in a lump sum the aggregate amount of the weekly installments of said one-half of 55 per cent. at $18 per week (being $4.95) for the weeks beginning November 5, 1918, and ending upon the day when this judgment shall become final, plus $100, together with legal interest from judicial demand upon said $100, and upon $4.95 from the end of each week beginning on November 12, 1918, and ending with said payment; and that defendant should pay the costs of the trial court and plaintiff those of the appeal.

It is therefore ordered and decreed that the judgment appealed from be recast and amended; and that there now be judgment in favor of plaintiff and against defendant in the sum of $1,585, for which amount, with interest, this judgment shall become executory when final, as follows, to wit: For $100, with legal interest from judicial demand; for the aggregate amount, in a lump sum, of weekly installments of $4.95, falling due at the end of each week, beginning with the week ending on November 12, 1918, and ending with the week end last preceding the date upon which this judgment shall become final, together with legal interest upon each of said amounts from each of said week ends, until the same have been paid; and for the balance of said $1,585, week end by week end, at the rate of $4.95 per week, with legal interest from such dates respectively until paid.

It is further decreed that defendant pay the costs of the district court, and that the costs of the appeal be paid by plaintiff and defendant in equal proportions, one-half by each.

O'NIELL, J., is of the opinion that the judgment appealed from should be increased $100, and, as thus amended, affirmed.