No. 2690

Second Circuit

---

SCHNELZ, ET AL., v. BROWN PAPER MILL CO., INC.

---

(December 11, 1926. Opinion and Decree.)
(January 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 160, 160 (a).**

Under the Workmen's Compensation Law (Section 8, Subsection 2, Clause (g), of Act 20 of 1914, as amended by Act 43 of 1922), where it is proved that the deceased employee, a major son, had been away from his father's home six months, earning regularly at the time of his death a salary of more than $130.00 a month, and had not contributed anything to the support of his father or minor brother, the father and minor brother will not be entitled to compensation as having been dependent upon the deceased for support to any extent.

2.  **Louisiana Digest—Master and Servant —Par. 160, 160 (a).**

Under the Workmen's Compensation Law (Section 8, Subsection 2, Clause (g), of Act 20 of 1914, as amended by Act 43 of 1922), where the plaintiff, father of the deceased, who was over 21 years of age, is shown to have been, at the time of the death of his son, a merchant owning a stock of goods worth from $700.00 to $800.00, and the building in which he conducts the business, from which business he derives a net profit of at least $1200.00 a year, to own his own residence and two dwelling houses that he rents, and to have only one child dependent on him for support, he will not be entitled to compensation as having been dependent upon his deceased son for support to any extent.

(The recent amendment of Act 20 of 1914 is Act 85 of 1926.—Editor's note.)

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. Percy Sandel, Judge.

Action by Ernest Schnelz et al. against Brown Paper Mill Company, Inc.

There was judgment for defendant and plaintiffs appealed.

Judgment affirmed.

Golden & Golden; Madison & Madison, of Bastrop, attorneys for plaintiffs, appellants.

Randel, Shotwell & Brown, of Monroe; Thornton, Gist & Richey, of Alexandria, attorneys for defendant, appellant.

### STATEMENT OF THE CASE

REYNOLDS, J.   Charles Ernest Schnelz sustained an injury in the cause of his employment by the defendant which caused his death. He left neither widow nor children. His father and minor brother brought this suit for compensation under the Employers' Liability Act, claiming to have been dependent upon the deceased for support to some extent.

Defendant denied that plaintiffs were dependent on the deceased for support to any extent.

On this issue the case was tried and there was judgment rejecting plaintiffs' demands and they have appealed.

### OPINION

The only question in dispute is whether plaintiffs were actually dependent on the deceased for support to any extent.

This question is one of fact that must be decided from the evidence introduced in the case.

As to the claim of the plaintiff, Leo Schnelz, minor brother of the deceased, the evidence in no way attempts to establish that he was dependent on the deceased for support to any extent or that the deceased had contributed to his support to any extent.

As to this plaintiff, therefore, it is clear that he has no right to compensation as having been dependent upon the deceased for support.

As to the plaintiff, Ernest Schnelz, the father of the deceased, the evidence shows that he was a retail grocer on a small scale at Dermott, Chico county, Arkansas, at the time of his son's death, and that he did a thirty-day credit business of more than $15,000.00 gross per annum, and from which he derived a net profit of 8 per cent.

Mr. A. N. Heininger, confidential adviser and friend of the plaintiff, Ernest Schnelz, testified, page 36 of the evidence:

"Q.  You testified a while ago that a merchant should make about twenty per

cent gross profit, average. Do you know what Mr. Schnelz's net profits were, average?

"A. I couldn't tell you unless you let me refer to the records. His net profits should be around eight per cent after allowing for bad accounts, bad merchandise, expenses, current expenses, of course.

"Q. That would cut his net profits down to about eight per cent?

"A. That would be about right."

Plaintiff, Ernest Schnelz, owed, in addition to the business in question, the store house in which it was conducted, his own home, two dwelling houses that he rented out, and $2000.00 in the capital stock of a wholesale grocery company, and also a horse and a wagon. He lived very frugally, employing no help except a servant whom he paid $4.00 a week, and a delivery boy, and had only himself and a minor son to support. This minor son worked for his father and attended school, where he had reached the tenth grade.

Under all the evidence we are convinced that plaintiffs were independent of and in no way dependent upon the deceased for support to any extent and that the deceased did not contribute to their support to any extent.

In their able brief counsel for plaintiffs insist that the plaintiff, Ernest Schnelz, had been losing money since the death of his son, but plaintiff himself testified, page 5 of the evidence:

"Q. Did you owe any debts at the time your son left home?

"A. If I was in debt?

"Q. At the time he left home?

"A. Some, yes.

'Q. How much'?

"A. Three hundred or four hundred, I don't know exactly.

"Q. How much did you owe at the time he was killed?

"A. Well, I guess we were holding about even. Same indebtedness. He promised me he would help me to pay."

And counsel also contend that the value of all property owned by the plaintiff, Ernest Schnelz, at the time of his son's death was less than $5000.00.

Defendant's counsel, in their brief, contend that the evidence shows that the value of his property was $17,300.00.

We have not found it necessary to verify either of these contentions, for under the evidence of plaintiffs' own witness, quoted above, we are convinced that plaintiffs were not dependent on the deceased for support to any extent.

Plaintiffs' counsel cite in support of their contention the cases of:

Gregory vs. Standard Oil Co., 151 La. 228, 91 South. 717.

Hamilton vs. The Texas Co., 151 La. 692, 92 South. 301.

Rome vs. Mexican Petroleum Co., 3 La. App. 523.

Cauthorn vs. Cypress Tank Co., 1 La. App. 100.

Heinzelman vs. Board of Commissioners, 149 La. 219, 88 So. 798.

Nelson vs. Henderson Iron Works, 1 La. App. 332.

In each of these cases the deceased was a minor son and the parents of these sons were, under the law, entitled to their wages, and the evidence in each of the cases showed that the parents had been receiving, from time to time, at least a portion of their deceased son's wages.

In the present case the deceased was a major at the time of his death and his wages belonged to himself, and the evidence does not show that from the time he left home in March, 1924, to his death

on August 29, 1924, he had in any way contributed to the support of the plaintiffs or had paid either of them any sum of money whatever.

Under the authority of Hansen vs. Ohio Oil Co., 2 La. App. 690, we are convinced that plaintiffs were not dependent on the deceased for support to any extent at the time of his death and that the judgment of the district judge, who heard and saw the witnesses testify, is correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.