No. 2972

Second Circuit

GRANT v. LA. SAWMILL CO., INC.

(June 28, 1927. Opinion and Decree.)
(July 12, 1927. Application for Rehearing.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 160.**

The terms "other members of the family of the deceased employee," as used in paragraph (h), subsection 2, section 8 of Act No. 216 of 1924, includes a grandmother of the deceased employee even though she was not residing in the same house with him at the time of his death.

2. **Louisiana Digest—Family. (No paragraph.)**

"Family" includes all relatives descending from a common root.
Civil Code, Art. 3556, paragraph 12.

3. **Louisiana Digest—Master and Servant —Par. 160.**

Where a grandson, not residing in the same house with his grandmother at the time of his death, is shown to have regularly remitted to her monthly money for her support, she is entitled to recover compensation for his death in the course of his employment, under paragraph (h) subsection 1, section 8 of Act No. 216 of 1924.
Rome vs. Mexican Petroleum Corporation, 3 La. App. 423.

4. **Louisiana Digest—Master and Servant —Par. 154.**

A liberal interpretation should be given by the court to the Workmen's Compensation Law (Act No. 20 of 1914 and amendments thereto) in favor of those intended to be benefitted thereby.
Rome vs. Mexican Petroleum Corporation, supra.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon R. C. Culpepper, Judge.

Action by Mary Jane Grant against Louisiana Saw Mill Company, Inc.

There was judgment for defendants and plaintiff appealed.

Judgment reversed.

Hopkins & Talbot, of Alexandria, attorneys for plaintiff, appellant.

Thornton, Gist & Richey, of Alexandria, attorneys for defendants, appellees.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by Mary Jane Grant against the Louisiana Saw Mill Company, Inc., and the Southern Casualty Company to recover judgment against them in solido for $6.34 a week for a period of 300 weeks, beginning with August 6, 1925, with legal interest on each payment from its maturity until paid, under paragraph (h), subsection 1, section 8 of Act No. 216 of 1924, amending the Workmen's Compensation Law (Act No. 20 of 1914 and amendments), for the death of her grandson, Mack Kelly, who was accidentally killed on August 6, 1925, while performing services for and in the course of his employment by the defendant, the Louisiana Saw Mill Company, Inc.

The defendant denied liability, alleged that plaintiff was not dependent on the deceased for support, and that plaintiff was not one of those persons named in the Act as entitled to compensation for the death of the deceased.

The case was submitted to the court for decision on the following agreed statement of facts:

"That the question submitted for the court's decision is, whether or not plaintiff is entitled to recover compensation under Section 8 of the Workmen's Compensation Act, Act No. 20 of 1914 as amended, particularly Act No. 216 of 1924, subsection 2 (h), as a dependent member of deceased's family.

"The Agreed Facts

"That Mack Kelly, deceased, was an employee, at the time of his death, of the Louisiana Saw Mill Company, a corporation domiciled in and doing business in the parish of Rapides, State of Louisiana, and within the jurisdiction of this court; that the Louisiana Saw Mill Company owned and operated, on August 6, 1925, a sawmill at Glenmora, Louisiana, and was engaged in a hazardous occupation within the meaning of said laws; that the Southern Casualty Company is a corporation engaged in the insurance business with its domicile and principal place of business at Alexandria, Louisiana, and within the jurisdiction of this honorable court; that the Southern Casualty Company is the insurer of the Louisiana Saw Mill Company insofar as workmen's compensation insurance is concerned.

"That Mack Kelly, a colored man, age thirty-six years, was employed as a laborer by the Louisiana Saw Mill Company on August 6, 1925, and as such was entitled to the privileges and benefits of the Louisiana Workmen's Compensation Law; that on that date, while engaged in the performance of his regular duties, in connection with the loading of logs, by means of a skidder, at a point out from' Glenmora, Louisiana, the said Mack Kelly was accidentally struck on the head by a log, and instantly killed.

"That the said Mack Kelly, at the time of his death, was single; that he had never been married, and therefore had no descendants; and that his mother and father were both dead; that he was earning a wage of $19.50 per week at the time of his death.

"That Mack Kelly's mother died in Maringouin, Louisiana, in December, 1903, when Mack Kelly was about thirteen (13) years of age, and that he, with his sisters, lived with the grandmother, Mary Grant, plaintiff herein, on the Slack Plantation out from Maringouin, Louisiana, the grandmother, then 61 years of age, 'keeping house' and the six (6) daughters then living and Mack Kelly working in the field on said plantation on 'shares'; that in 1909 Sylvia Sebury, the daughter with whom your petitioner now resides, moved to New Orleans, Louisiana; that in 1911 Mack Kelly's sister, now under the married name of Amelia Butler, moved to Alexandria, Louisiana, and that same year Mack Kelly left the farm at Maringouin, Louisiana, and followed his sister to Alexandria, Louisiana, and then began to follow 'public works,' first working at Lone Pine, Louisiana; that in the same year, 1911, your petitioner herein moved to New Orleans and took up her abode with Sylvia Sebury; that petitioner herein has since 1911 continuously resided with her granddaughter, Sylvia Sebury, in the city of New Orleans, Louisiana, and that Mack Kelly has during this time continuously lived separate and apart from his grandmother; that Mary Jane Grant, grandmother of Mack Kelly, is his only living ascendant; that he sent money to his grandmother from the time that he left home to go to work up until the time of his death; that at the time he was working for the Louisiana Saw Mill Company he was sending regularly from eight to fifteen dollars per month, in cash, to his grandmother for her support; that the said Mary Grant is an ex-slave, 84 years of age and unable to support herself.

"That if petitioner, Mary Grant, is entitled to recover at all under the compensation laws of Louisiana, she is entitled to recover thirty-two and one-half per cent of $19.50 for a period of three hundred weeks, as prayed for in plaintiff's petition."

On these issues the case was tried and there was judgment rejecting plaintiff's demand and dismissing her suit and she has appealed.

## OPINION

The agreed statement of facts leaves for decision by the court only the question, was plaintiff a "member of the family of the deceased" within the meaning of paragraph (h) of subsection 2 of section 8 of the Workmen's Compensation Law as amended by Act No. 216 of 1924, so much of which as is important here reads as follows:

"If there be neither widow, widower nor child, nor dependent parent entitled to compensation, then to the brothers and sister and *other members of the family of the deceased employee* not hereinabove specifically provided for, if such brother or sister or other member of the family not otherwise specifically provided for was actually dependent on the deceased employee for support to any extent at the time of the injury and death * * * "

(Italics ours.)

Plaintiff was the grandmother of the deceased and at the time of his death she was dependent and he was regularly contributing money to her support.

Deceased was unmarried and resided at Glenmora, in Rapides parish, Louisiana.

Plaintiff resided in New Orleans with a married daughter.

We have been furnished by learned counsel with able briefs in which numerous enlightening authorities are cited or quoted from. In last analysis the correct decision of the question turns upon the meaning the legislature intended should be given to the word "family" in the law quoted. Does it include a grandmother not living with but receiving support from a grandson? We think it does.

Webster's New International Dictionary, edition of 1927, defines "family" as:

"3. a Those descended (really or putatively) from a common progenitor; * * * "

Civil Code, Art. 3556, last part of paragraph 12, says the word signifies—

"all the relations who descend from a common root."

These definitions of the word "family" satisfy us that a grandmother is a member of her grandson's family whether she actually resides with him or not.

Counsel for defendant insist that to construe the word as including all persons descending from a common root would be to read into the law a meaning the legislature never intended to give it.

We cannot concur in this contention. In our opinion to exclude grandmothers from the definition of the word would give it too narrow a meaning and so exclude from the beneficiaries of the Workmen's Compensation Law persons clearly intended to be included therein.

"Liberal interpretation of the law is the rule of reason governing courts in compensation cases * * * "

Rome vs. Mexican Petroleum Co., 3 La. App. 523.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, Mary Jane Grant, do recover judgment against defendants, Louisiana Saw Mill Company, Inc., and Southern Casualty Company, in solido, for compensation at the rate of six and 34-100 dollars per week for a period of three hundred weeks, the first payment being decreed due August 6, 1925, with legal interest on each installment from its maturity until paid, and all costs.