RUPP v. REIMANN MANUFACTURING CO., LTD.

---

(January 28th, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 154, 160.**

Where the facts show some dependency on the deceased, compensation will be allowed as the statute on February 25th, 1925, the date of the accident, involved herein, only required actual dependency to some extent.

2. **Louisiana Digest—Master and Servant —Par. 160 d.**

Funeral expenses will not be allowed where the plaintiff's minor grandchildren were not heirs of the deceased, did not pay them and were not legally liable therefor.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Mrs. Magdeline A. Rupp, widow of V. B. Schindler, et als., against the Reimann Manufacturing Co., Ltd.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

John E. Unsworth and Frank T. Doyle, of New Orleans, attorneys for plaintiff, appellee.

Monroe & Lemann and Walter J. Suthon, of New Orleans, attorneys for defendant, appellant.

JONES, J. This is a suit for compensation brought by Mrs. V. B. Schindler for the use and benefit of her daughter, Sybil Schindler, and by Mrs. John P. Pfluger, for the use and benefit of her minor sons, John Pfluger and Raymond Pfluger, growing out of the death of Michael Rupp, grandfather of the minors, and also for one hundred fifty ($150.00) dollars funeral expenses.

The only issues in the case are the dependency of the minors and the recovery of the funeral expenses. The fatal injuries to Mr. Rupp occurred on February 17th, 1925, prior to the last amendment to the Compensation Act, and consequently, in order to recover compensation from the defendant company, plaintiffs had only to show *actual dependency to some extent*, and not actual and entire dependence as required by the amendment of 1926.

The evidence shows that Michael Rupp had two daughters, Mrs. Magdeline Rupp Schindler and Mrs. Katherine Rupp Pfluger. Mrs. Schindler swears that her husband, V. B. Schindler, died ten years ago, leaving her with two minor children, practically penniless, and that, in order to live, it was necessary for her to live with her father.

The deceased was making fifteen ($15.00) dollars a week with the Reimann Manufacturing Company, for whom he had been working about twenty years; Mrs. Schindler and her two children, her brother and her father lived together, her

father paying her every week the sum of seven ($7.00) dollars, which went into a common pot to pay for the meager living of the family.

Her brother paid a similar amount until he was married about two months before his father was killed and by this time her son was able to go to work.

When Rupp was living, Sybil went to school, but after he was killed she was compelled to go to work.

Rupp's other daughter, Katherine Rupp Pfluger, was also a widow. At the time the case was tried in the lower court her husband had been dead eight years and, like her sister, her husband left her penniless and with two very young children. At the time of the trial John Pfluger, her oldest child, was fifteen years of age and Raymond was eleven.

Raymond went to school while John worked for the Maison Blanche Company as a check boy for five ($5.00) dollars a week.

When Mrs. Pfluger was asked the direct question whether or not her father ever contributed to the support of her two minor children she replied that once in a while he gave her money to buy shoes and clothes for the children. When she was asked how often he did this, she replied: "When he could spare it". She testified further that the rent was twelve ($12.00) dollars per month and that her father paid this rent for her every month.

As his two daughters and their children lived in direst poverty, it was impossible for him to live with both daughters; he lived with one and contributed to the support of her children the sum of seven ($7.00) dollars a week, while from his meager earnings he paid the rent of

twelve ($12.00) dollars per month for the home in which his two other grandchildren lived, and whenever possible he would buy them clothes and shoes. Out of the seven ($7.00) dollars a week which he paid towards the upkeep of the Schindler home the minor, Sybil, received clothes and shoes sufficient for school, because her mother, as manager of the home, pooled all the money she received and supported everybody in the household on it.

Counsel for defendant contends that Rupp was able to do too much on his meagre salary of fifteen ($15.00) dollars per week, but necessity is the mother of invention, and when we are forced to economize in order to protect and take care of our loved ones, a little may go a surprisingly long way.

Mr. Rupp made sixty ($60.00) dollars a month. He contributed seven ($7.00) dollars a week, or twenty-eight ($28.00) dollars a month, to the support of the family of which his granddaughter, Sybil Schindler, was a member, and to the support of his two grandchildren, John and Raymond Pfluger, he contributed the sum of twelve ($12.00) dollars a month by paying the rent for the house in which they lived. This left him twenty ($20.00) dollars a month for his personal use, and it is not unusual for an old man, a laborer all his life, long accustomed to deprivation, to get along on twenty ($20.00) dollars a month.

When Mrs. Pfluger was asked how was she managing to get along since the death of her father, she replied: "We were not getting along very well."

Mrs. Pfluger, however, testified that since the death of her father her two children did not get as many clothes as they got while he was living, for the very simple reason that the little family had

twelve ($12.00) dollars a month less to spend on clothes, because the grandfather paid the house rent, which to them was a very heavy item, and for the further reason that during her father's life, whenever he could spare it, he would buy them clothes and shoes.

Another witness, Mr. Nussbaum, an old friend of Mr. Rupp, who had known him for about thirty-five years, testified positively and affirmatively that Mr. Rupp came to his house on a number of occasions and left money there for his grandchildren; he would often come on Sunday and leave it there, and Mrs. Pfluger would come to his home on Monday and get it. He has seen his wife give the money to Mrs. Pfluger.

Defendant argues earnestly that John Pfluger, who was earning five ($5.00) dollars per week and contributing to the family pot, cannot be considered dependent, when the total family income for mother and two sons was only about seventy ($70.00) dollars per month, but the fact that Rupp paid the rent for the house in which his two grandsons lived is sufficient in our opinion to establish at least partial dependency.

In Joseph vs. Board of Commissioners of the Port of New Orleans, Court of Appeal Reports, Vol. 5, p. 678, we held as follows:

"Actual dependency to some extent, rather than the fact that the minors were residing in the household of the deceased at the time of his death, is the controlling fact in fixing liability for compensation."

In the Joseph case, as in this case, Joseph paid the rent for the house in which his nephews lived and defendant contends that the fact that Rupp did not live in the house with these minors cuts them off under the statute.

In Gregory vs. Standard Oil Co., 151 La. 228, 91 So. 717, the Supreme Court allowed compensation to defendant's parents for the death of their minor son, although he was living elsewhere with his sister.

We think the statute should be construed liberally, in spite of the amendment of 1926, and we follow the Supreme Court which said in Heinzelman vs. Port Commissioners, 149 La. 215, 88 So. 798: "Dependent to any extent is a very broad term and seems to us to include necessary aid furnished for the discharge of any legal obligation, as well as aid required merely in supplying the personal wants of recipient.

Under this construction, we find both the Pfluger and Schindler minors entitled to compensation, but the judgment appealed from is clearly erroneous in allowing the recovery of one hundred fifty ($150.00) dollars for funeral expenses. These minor children were not the heirs of their grandfather, as their mothers (daughters of the deceased) are living. The proof does not show that these funeral expenses were paid by the minors, but, on the contrary, the testimony of one of the sons of the deceased is that "we paid them out of his succession".

These minor children are under no legal liability to pay them, and they accordingly have no right to assert a claim which belongs to the heirs or to the succession.

For these reasons the judgment is reversed in so far as it allowed funeral expenses to the plaintiff, and it is affirmed in all other respects, costs of this appeal to be paid by plaintiff and appellee.