## No. 11,194

### Orleans

## ZELLER v. LOUISIANA CYPRESS LUMBER CO., LTD.

(October 29, 1928.   Opinion and Decree.)
(December 10, 1928.   Rehearing Refused.)
(January 29, 1929.   Writ of Certiorari and Review Refused by Supreme Court.)

Howell, Wortham & Martin, of New Orleans, attorneys for plaintiff, appellant.

Dart and Dart, Carroll and Carroll, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.   Willis Zeller, a boy sixteen years of age, was accidentally killed in the course of his employment on the thirteenth day of October, 1921, in the Parish of St. James, and near the line dividing the Parish of St. James from the Parish of St. John the Baptist.   The father of the boy, Ozanne Zeller, brought suit in the Parish of St. John the Baptist against the Louisiana Cypress Lumber Company, Ltd., and George Cousin, claiming compensation in his own behalf and in behalf of his minor children.

The Louisiana Cypress Lumber Company, Ltd., filed an exception to the jurisdiction of the court ratione personae, upon the ground that its domicile was in the parish of Jefferson and it had no agent in the Parish of St. John the Baptist on whom process could be served. The lumber company also filed an exception of want of authority in plaintiff to institute the suit and of no cause of action and vagueness. George Cousin filed his same exceptions urged by his co-defendant, with the addition of an exception of prescription of one year.

All exceptions were overruled and answers were filed denying liability, the defendant, Louisiana Cypress Lumber Company, Ltd., praying for judgment against its co-defendant, George Cousin, in the event that it should be held liable for such sum as it may be condemned by such judgment to pay.

The exception to the jurisdiction was submitted to the court with the merits of the case and plaintiff insists that in so doing the defendants have voluntarily submitted themselves to the jurisdiction of the court, citing: Tupery vs. Edmondson, 32 La. Ann. 1146; Iddle vs. Hamler Boiler Co., 132 La. 476, 61 So. 532; Bank vs. Johnson, 130 La. 288, 57 So. 930; Andrews vs. Sheehy, 125 La. 222, 51 So. 122; Martel vs. Block, 154 La. 863, 98 So. 398, and authorities there cited.

Strangely enough, the form of the exception to the jurisdiction seems to have been confused by defendant, for in this court counsel argues this exception as though it had been based upon the fact that the cause of action arose in the Parish of St. James and not in the Parish of St. John the Baptist. However, we think the authorities cited by plaintiff disposes of this exception.

As to the capacity of Ozanne Zeller to maintain this action, this exception, and the exception of no cause of action will be considered together, for they involve the same contentions and are treated in that manner by counsel for defendant.

Both exceptions were based upon the fact that plaintiff has failed to qualify as tutor of his minor children. Answering this argument, plaintiff directs our attention to subsection "j" of Section 8 of the Compensation Law, which provides:

"Where there is a surviving widow or widower and child or children entitled to compensation, the compensation above described shall be paid to the widow or widower for the common benefit of such widow or widower and child and the appointment of a tutor shall not be necessary. Where there is no surviving parent, payment shall be made to the tutor."

In reply defendants admit that the plaintiff is a widower but contend that the language of the statute can only be interpreted to mean that a widow or widower need not qualify as tutrix or tutor when the deceased for whose death compensation is claimed was the wife or husband, as the case may be; and that, whereas, in this case, the deceased is the child, the fact that the claimant, his father, is a widower, is immaterial. This argument would be more persuasive were it not for the fact that the subsection referred to, which is found in Section 8 of the Act, as amended by Act 247 of 1920, follows other provisions which enumerate the beneficiaries entitled to compensation, and include the widow, or widower alone, the widow or widower with one or more children, children alone with no widow or widower, and brothers and sisters alone. Besides, the concluding sentence in the paragraph quoted, to the effect that—"where there is no surviving parent, payment shall be made

to the duly authorized tutor"—would indicate that the law intended to exempt the natural tutor or tutrix from the necessity of qualifying. We see no good reason to compel the father or mother, suing for the death of their child, to qualify as the tutor, and exempt the father or mother from that requirement when suing with the child for the death of husband or wife.

The exception of vagueness, not having been pressed in limine, will not be considered.

The plea of prescription of one year is based upon the fact that the defendant, Cousin, was not served with citation until June 5, 1923, more than one year after the death of Willis Zeller. The appropriate provision of the Compensation Law, Section 31, reads:

"That in case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred * * * unless within one year after the injury proceedings have been begun as provided in Sections 17 and 18 of this Act."

Plaintiff's position in regard to this exception is that under the terms of the quoted section, it is only necessary to begin proceedings, and that citation is not essential, and in the alternative that under R. C. C. 2090, 2097, the service upon any debtor in solido interrupts prescription as to all. The defendant, Louisiana Cypress Lumber Company, Ltd., having been cited within a year, and this action being in solido against both defendants, it is sufficient that one of them should have been served.

Our attention is called to the fact that under Section 27 of Act 267 of 1914 the mere filing of a suit against a corporation has the effect of interrupting prescription. Norwood vs. Lake Bisteneau Oil Company, 145 La. 823, 83 So. 25.

As to the necessity of citation to interrupt prescription see Brown vs. Goodpine Lumber Co., 8 La. App. 125.

Before discussing the effect of the filing of suit, or the institution of proceedings, upon the interruption of prescription, or whether citation is necessary in all cases, except in suits against corporations, we will consider the alleged solidary liability of the two defendants, for if defendant Cousin is liable in solido with the other defendant, Article 2097, R. R. C., applies, and prescription has been interrupted as to both defendants. It is contended that the Louisiana Cypress Lumber Company is not liable at all, and that the exception of no cause of action should have been maintained, because, according to the petition, the deceased was at the time of the accident in the exclusive employ of George Cousin, for whom he was working, and who alone had control over him.

A reference to the petition discloses the fact that it is there alleged, that Cousin was a contractor, employed in getting out timber from the cypress company by means of a skidder, and cable, and that Zeller was working for Cousin, and "incidentally, through the said George Cousin, was working in the employ of the said Louisiana Cypress Lumber Company." Much is made out of the use of the word "incidentally" by plaintiff's counsel, the suggestion being that it is practically conceded that the deceased was not in the employ of the Louisiana Cypress Company, in any sense, at the time of his death; and, in the alternative, it is contended that if the petition itself is not conclusive, the record is, and the record is quoted to emphasize the fact that the deceased was an employee of the defendant Cousin, and not of the cypress company.

There can be no question but what Willis Zeller was injured in the course of his employment by the defendant Cousin, for whom he worked, exclusively. It is also true that Cousin had a contract with the Louisiana Cypress Lumber Company to get logs from the swamp, raft them, and float them in the adjacent bayous to boats belonging to the cypress company for transportation to the lumber mill operated by the cypress company, and that in the execution of this contract with the cypress company, Zeller, as an employee of Cousin, was injured. The compensation law, Section 6, provides:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."

In the case of Clementine vs. Ritchie, 1 La. App. 296, 99 So. 213, this section of the law was discussed at length. In that case a negro carpenter was employed by a contractor by the name of Willis. Willis had a contract with Ritchie for all of the carpenter work necessary on a certain building which Ritchie was constructing, Ritchie being engaged in the business of building and selling houses. The defendant contended that Section 6 of the Compensation Law above referred to did not apply because Willis was not a contractor, but was the owner of the house, which was being erected by Willis, and that the word "principal" used in the act meant "principal contractor" and not one who builds for his own account. The lower court accepted this view but this court found itself unable to adopt it, saying:

"We cannot agree with our brother of the District Court in his opinion in this case. We think this section of the law plainly discloses a purpose to make a principal, who undertakes any work for his own account as a part of his trade, business or occupation, liable for compensation due any employee engaged upon the work. It will be observed that paragraph 2 of the section declares that where the principal is liable under this section, he shall have a cause of action against any person who independently of the section, would have to pay the compensation and that paragraph 4 provides that 'a principal contractor' when sued by an employee of a sub-contractor, shall have the right to call such sub-contractor or any intermediate contractor as defendant or co-defendant.

"There is, therefore, two distinct provisions, one giving a principal a right of action against any person who but for this section of the act would be liable and another giving a principal contract or the right to call in any sub-contractor or intermediate contractor. If the word principal referred to principal contractors only, why these two provisions? And, moreover, why not say principal contractor and why use the word 'principal' at all? The purpose of the act in this regard is further illustrated by paragraph 3, wherein provision is made permitting injured employee or defendant to sue 'the contractor instead of the principal.' "

We conclude, therefore, on this point, that both defendants are liable in solido and that under the articles of the Civil Code referred to, service of the citation upon one of them is sufficient to interrupt

prescription as to both, and accordingly that the plea of prescription was properly overruled.

On the merits plaintiff's right to recover is challenged upon the ground that there is no proof of dependency. At the time of the death of his son for which compensation is claimed in this suit, the plaintiff was a widower and the father of four minor children, namely, Julius, 15 years of age; Florentine, 12 years of age; Frances, 9 years and Anginette, 5. Plaintiff, who was a laborer, earned about $3.00 a day, and from this meager income maintained himself and his family with difficulty. He was at times compelled to send his children away from home to live with relatives and friends. When able to maintain a home he rented a house from the Lutcher Cypress Company for $6.00 a month. His son, Willis Zeller, at the time of his death, was earning $2.00 a day and camping in the woods near the scene of the logging operation in which he was engaged. It is in evidence that on at least two occasions Willis sent his father small sums of money—at one time, $7.00 and at another time, $18.00. Under the law applicable, dependency to any extent was sufficient to entitle the father to recover: Heinzelman vs. Board, 149 La. 215, 88 So. 798. It is not essential that there should have been any actual contribution to the parent by the child, if the parent be in necessitous circumstances. Gregory vs. Stand. Oil Co., 151 La. 228, 91 So. 717. In Cauthorn vs. Cypress Tank Co., 1 La. App. 100, the father, though a small land owner, was permitted to recover for the death of his son who had left the family domicile. See also Nelson vs. Henderson Iron Works, 1 La. App. 332; Hamilton et als. vs. Texas Company, 151 La. 692, 92 So. 301; Rupp vs. Reimann Co., 7 La. App. 635; Ham-

mons vs. Edwards, 6 La. App. 752; Grant vs. La. Sawmill Co., 6 La. App. 673.

We are of opinion that a cause of dependency within the meaning of the act is sufficiently shown by the record. It is not necessary that the plaintiff should have received regular remittances, nor that any actual payments be proved. In plaintiff's humble station, any extraordinary misfortune, injury or illness might easily have made of him a public charge, and in such situation his son could afford the most reasonable expectancy of relief, a contingency properly to be considered. See Gregory vs. Standard Oil Co., 151 La. 228, 91 So. 717.

" 'Dependent to any extent' is a very broad term, and seems to us to include necessary aid furnished for the discharge of any legal obligation, as well as aid required merely in supply the personal wants of the recipients."

Heinzelman vs. Board, 149 La. 221, 88 So. 798.

There remains only to be considered the amount of the award. The deceased was earning at the time of his death $12.00 per week. Under subsection 2 of Section 8 of Act 247 of 1920, paragraphs (g) and (k), the father is entitled to 30 per cent of the weekly wage, and to 10 per cent additional for each child under eighteen years of age. For convenience, we adopt the computation of counsel, which appears to be correct.

It is ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of plaintiff, Ozanne Zeller, and against the Louisiana Cypress Lumber Company, Ltd., and George Cousin, in solido, in the sum of seven and 20/100 dollars ($7.20), for a period of two hundred eighty-one and two sevenths (281-2/7) weeks, beginning Octo-

ber 14, 1921, amounting to two thousand twenty-five and 25/100 dollars ($2,025.25), and six dollars ($6.00) weekly for eighteen and five-sevenths (18-5/7) weeks, amounting to one hundred twelve and 28/100 dollars ($112.28), with five per .cent (5%) interest on each partial payment from its due date.

It is further ordered that the right of the Louisiana Cypress Lumber Company, Ltd., to claim such amount as it may be obliged to pay under this judgment from George Cousin in appropriate proceedings be reserved.

———

JANVIER, Judge ad hoc, concurring.

I concur in the opinion rendered in this matter solely because the question which to my mind is the all important one, seems to have been settled in the case of Lorenzo Clementine vs. Hugh Ritchie, 1 La. App. 296, 99 So. 213.

If this question were being presented to me now as a novel one, I would not be willing to acquiesce in the doctrine that an owner or principal of a business cannot contract with another for the taking over by that other of an independent portion of the main work being done without becoming liable under the compensation law to the employes of that other. I do not believe that any such intention can be found in Section 6, nor any other portion of the act. Section 6 provides in part:

"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation * * *."

It seems to me that the words *"undertakes* to execute any work" mean *"contracts"* to execute any work.

If it does mean "contracts" to execute any work, it cannot be said to refer to the owner or principal because in such a case he has not contracted to execute, but in fact has contracted to avoid executing. It also seems to me that the sole purpose of this section was to make the main or principal contractor responsible to the employees of his sub-contractors.

If I could distinguish the case of Clementine vs. Ritchie, I would dissent now. While I do not agree with the reasoning of that decision, I do believe firmly in the doctrine of "stare decisis," and for this reason I concur.