273 So.2d 303 (1973)
Joyce CAVALIER et al.
v.
CITY OF NEW ORLEANS et al.
No. 5151.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1973.
Rehearing Denied February 6, 1973.
Writ Refused April 5, 1973.
*304 Triche & Sternfels, Risley Triche, Napoleonville, for plaintiffs-appellees.
Blake G. Arata and Jules A. Fontana, Jr., New Orleans, for City of New Orleans, plaintiffs-appellants.
A. R. Christovich, Jr., and C. B. Ogden, II, New Orleans, for New Orleans Public Service, Inc., defendant-exceptor appellant.
Before LEMMON, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment rendered in favor of plaintiff, Mrs. Joyce Cavalier, for personal injuries in the sum *305 of $10,000.00 and in favor of plaintiff, Cleveland Cavalier, her husband, for damages in the sum of $2,201.53, against New Orleans Public Service, Inc., and the City of New Orleans, as joint tort-feasors, jointly and in solido.
Judgment was also rendered in favor of the City of New Orleans (herein referred to as the City) and against New Orleans Public Service, Inc., (herein referred to as NOPSI) on the third party demand of the City, ordering NOPSI to pay to the City such damages awarded against it in this case in favor of Joyce Cavalier and her husband, Cleveland Cavalier.
On the morning of September 8, 1968, plaintiff, Joyce Cavalier, along with her six year old daughter and Mrs. Estelle Landry, had driven from their home in Klotzville, Louisiana to the residence of Urene Harvey at 2740 Piety Street in the City of New Orleans.
Upon reaching the address on Piety Street, Mrs. Cavalier parked her automobile, got out, and headed to the rear of the car in order to get some vegetables out of the trunk. In the process of going to the trunk of her car, however, plaintiff testified that she heard her daughter open the rear door of the car and, turning to see about her child, her right heel went down into an uncovered banquette box which belonged to NOPSI. The box was a handhold containing the gas service valve for the adjacent premises and was installed in the paved sidewalk. In addition to being uncovered, the box was concealed by heavy grass growing through a crack in the sidewalk.
As a result of stepping into the uncovered banquette box, plaintiff fell on the sidewalk. She sustained a back injury in the fall resulting in a bilateral herniated disc, requiring a lumbar myelogram, laminectomy, and traction, and hospitalization following the laminectomy. There is no serious dispute here as to her injuries.
The City contends that the defective condition of the sidewalk was clearly visible at the time of the accident and Mrs. Cavalier was contributorily negligent in failing to take measures to avoid the unfortunate occurrence. NOPSI did not plead contributory negligence. The court is of the opinion that contributory negligence is not a controlling factor in the instant case. The evidence is uncontradicted that the plaintiff had never crossed this portion of the sidewalk before and that, at the time of the accident, the open banquette box was covered with grass and not visible. According to Deshotels v. Southern Farm Bureau Cas. Ins. Co., 245 La. 23, 156 So.2d 465 (1963), contributory negligence is never presumed and the defendant must carry the burden of proving contributory negligence by a fair preponderance of the evidence. The City has not, in the court's opinion, carried the necessary burden of proof. Even assuming that the plaintiff could reasonably have seen the banquette box, the momentary distraction caused by her concern over her child opening the door of the automobile could be looked upon as a redeeming factor. See Ousley v. Allstate Ins. Co., 234 So.2d 478 (La.App.3rd Cir., 1970) and Ensminger v. Great A. & P Tea Co., 152 So.2d 586 (La. App.2nd Cir., 1963).
We agree with the trial court's finding that the City and NOPSI are joint tort-feasors. The box was installed by NOPSI to provide gas service to the adjacent premises and it is NOPSI's duty to maintain the box which they failed to do. Similarly, since it was installed in the paved sidewalk, it is the City's duty to inspect and maintain its sidewalks to see that there are no traps for the unwary pedestrian.
The evidence shows that the banquette box had been uncovered for at least six months prior to the accident in question. Coupled with this is the fact that the City allowed grass to grow around the uncovered box, as can be seen in the photographs *306 submitted into evidence, to such an extent as to conceal the dangerous condition.
In Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868 (1962) a pedestrian who was injured because of a defect in a sidewalk, brought action against the abutting owner, the owner's public liability insurer, the City and the Parish. In its opinion, the court stated:
"* * * Under Article 2315 of our Civil Code, as interpreted by an unbroken line of jurisprudence, any act, or omission of a legal duty which is a proximate cause of an injury to another, renders the party charged with such act or omission liable in damages. In the case of a joint tortfeasor it is not necessary that the act or failure in the preformance of duty be the sole cause of the accident or injury; it is enough that it is a contributing cause. In the case at bar it is charged that the City knew or should have known of the defect and failed to repair it. If this be true, and it must be admitted as true for purposes of a summary judgment, it is liable in solido with the other defendant for its failure in its duty to keep the sidewalk in repair was such that but for it the accident could not have happened."
In the case at bar the failure of NOPSI to cover the banquette box and the failure of the City to notice the open hole in its sidewalk and to cut the grass growing around the banquette box, which concealed the open hole, are independent acts of omission which did unite to cause plaintiff's unfortunate accident. Also, due to the lengthy period of time in which the banquette box remained uncovered, and due to the lengthy period of time which it obviously took for the grass to hide the box, both defendants are deemed to have constructive, if not actual, notice of the dangerous condition. Both defendants were negligent in not discovering and correcting the dangerous condition.
For a more detailed discussion of the solidary nature of the damages here, see: Cline v. Crescent City R. Co., 41 La.Ann. 1031, 6 So. 851 (1889). See also: Russo v. Aucoin, 7 So.2d 744 (La.App.1st Cir., 1942).
Having found defendants to be joint tort-feasors, at this point it is well to consider the plea of prescription filed by NOPSI, that is, that more than one year elapsed from the accident until NOPSI was made a party defendant in the suit.
LSA-C.C. art. 3536 is as follows in part:
"Art. 3536. Other actions prescribed by one year
"Art. 3536. The following actions are also prescribed by one year:
"That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.
"* * *."
Although NOPSI was not joined as a defendant until December 16, 1969, which was some fifteen months after the accident, its plea of prescription was properly denied. Joint tort-feasors are liable in solido and a suit against any one joint tortfeasor interrupts prescription as to all. See LSA-C.C. art. 2097; LSA-C.C. art. 2324; Mullin v. Skains, 252 La. 1009, 215 So.2d 643 (1968); Zeller v. Louisiana Cypress Lumber Co., 9 La.App. 609, 121 So. 670 (Orl.1928) writ refused. In Zeller, the court, when faced with a situation similar to that presented here stated:
"We conclude, therefore, on this point, that both defendants are liable in solido and that, under the articles of the Civil Code referred to, service of the citation upon one of them is sufficient to interrupt prescription as to both, and accordingly that the plea of prescription was properly overruled."
Plaintiffs answered the appeal and contend that the award of $10,000.00 in *307 general damages is inadequate and should be raised. Mrs. Cavalier experienced severe pain immediately after the fall on September 8, 1968. She was conservatively treated, until she was hospitalized in traction. A myelogram was later performed and a laminectomy done on February 21, 1969. Thereafter, she continued to suffer and was hospitalized again and placed in traction in May of 1970. She was discharged from the hospital and was allowed to return home for traction therapy. The trial judge stated in his reasons for judgment that there is no residual pain and suffering and awarded $10,000.00. We see no reason here to amend his findings.
For the above reasons, we are of the opinion that judgment on the main demand was correct and should be affirmed. However, we are of the opinion that the trial court erred in granting a judgment in favor of the City of New Orleans in its third party demand against NOPSI. In his dictated reasons for judgment the trial judge stated:
"I would have to cast in judgment, in effect, both of these named defendants, the City of New Orleans and the New Orleans Public Service, as joint tort feasors."
"* * * Here we have two independent forces joining together which contribute to the injury which results in damages to this plaintiff. The two independent forces being the negligence of the City of New Orleans in failing to maintain properly the safety and integrity of its sidewalks and, on the same point, the failure of the New Orleans Public Service to keep its banquette box covered. So, these two concurring factors would find each of them independently as a tort feasor and jointly they are responsible for the injuries befalling this plaintiff."
We are in agreement with the above reasoning of the trial judge. It is in the following language, however, also from the trial judge's dictated reasons for judgment, that we find error.
"Now, there is a Third-Party Petition filed here by the City of New Orleans against the New Orleans Public Service. As between them, it would seem to me, that while the City of New Orleans has the responsibility for the maintenance and upkeep of all of the sidewalks, by the same token the New Orleans Public Service has its responsibility to maintain the integrity of their installations, and where they fail to do so, they can be cast in judgment over and above the benefit of the City.
"In this case, the City should have the right of judgment on its Third-Party Petition against the Public Service."
In the absence of any vicarious or contractual relationship requiring NOPSI to reimburse the City, we find no basis for casting the entire judgment on NOPSI. Either the City and NOPSI are joint tortfeasors and liable in solido or they are not. We are in agreement with the trial court that they are joint tort-feasors. The entire purpose of declaring them as joint tortfeasors would be defeated by holding one liable to the other.
Supposing the franchise agreement between the City and NOPSI required NOPSI to reimburse the City in this situation, we could then reasonably hold both liable as joint tort-feasors and grant the third party demand. But no such contract or franchise agreement between the two defendants has been made a part of the record and it is therefore impossible for us to make such a determination. Also, the record does not contain any ordinance, municipal or otherwise, which would apply to the present situation, and of which the court may take judicial cognizance.
As joint tort-feasors both defendants are liable in solido, each having the right to contribution allowed under LSA-C.C. *308 arts. 2103 and 2104 which are as follows:
"Art. 2103. Liability of debtors among themselves
Art. 2103. When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
A defendant who is sued on an obligation which, if its exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."
"Art. 2104. Contribution among debtors; effect of insolvency of one
Art. 2104. If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
"If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment." (Emphasis supplied)
According to Casualty Reciprocal Exchange v. Richey Drilling & Well Service, 137 So.2d 127 (La.App.3rd Cir., 1962), in the absence of contractual or statutory regulation of rights between them, solidary debtors, as between themselves, divide the debt equally and a solidary co-debtor, who pays the debt, can claim contribution from the other solidary co-debtors of their shares, and, by his payment, he is subrogated to the creditor's right to recover the debt paid.
For the foregoing reasons, it is ordered that the judgment appealed from on the main demand in favor of plaintiffs and against defendants is affirmed. It is further ordered that the judgment granting the City of New Orleans' third party demand against New Orleans Public Service, Inc., is amended to require contribution by New Orleans Public Service, Inc., for one-half of the amounts for which defendants were cast in solido on the main demand, in accordance with LSA-L.C.C. Art. 2103 and 2104.
The costs are to be assessed against New Orleans Public Service, Inc.
Affirmed in part. Amended in part.