No. 3131

Second Circuit

---

BROWN
v.
GOODPINE LUMBER COMPANY OF LOUISIANA, INC.

---

(February 3, 1928.  Opinion and Decree.)
(March 14, 1928.  Rehearing Refused.)
(May 6, 1928.  Writs of Certiorari and Review Denied by Supreme Court.

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant —Par. 160 g; Citation and Appearance —Par. 6; Prescription—Par. 190, 192, 193.**

Where, in a suit seeking to hold the Goodpine Lumber Company of Louisiana, Inc., a Louisiana corporation, liable to plaintiff under the Employers' Liability Act, the defendant is described, both in the petition and citation, as the "Goodpine Lumber Company, Inc.," service of the petition and citation on a person authorized to receive the same for the Goodpine Lumber Company of

Louisiana, Inc., is sufficient to interrupt prescription in the action quo ad the latter.

> Blakeney vs. Easterwood, 3 La. App. 796.
>
> Babin vs. Lyons Lumber Co., 132 La. 873, 61 So. 855.
>
> Lemieux vs. Cousins, 154 La. 811, 98 So. 255.

2. **Louisiana Digest—Master and Servant —Par. 158, 160.**

Where two employees of a common employer while engaged in work for the master classified under the Employers' Liability Act as hazardous quarrel with each other as to the manner in which each is performing his duties for the master, and fifteen or twenty minutes later one of them strikes and kills the other with a piece of iron pipe used in the employer's work, the killing arises out of and in the course of the employment of the deceased and entitles his widow to compensation under the terms of the act.

> Ferguson vs. Cady-McFarland Gravel Co., 156 La. 871, 101 So. 248.
>
> Byas vs. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303.
>
> Gilyard vs. O'Reilly, 4 La. App. 498.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of LaSalle. Hon. F. E. Jones, Judge.

Action by Edna Brown against Goodpine Lumber Company of Louisiana, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Harry Fuller, C. W. Flowers, of Jena, attorneys for plaintiff, appellee.

White, Holloman & White, of Alexandria, attorneys for defendant, appellant.

### STATEMENT OF THE CASE.

REYNOLDS, J.  This is a suit by Edna Brown as the widow of Joseph Brown, deceased, to recover compensation from the Goodpine Lumber Company of Louisiana, Inc., under the Employers' Liability Act for the death of her husband alleged to have been by accident arising out of and in the course of his employment by that company.

The original petition and citation described defendant as the "Goodpine Lumber Company, Inc." and were served on a person whose authority to receive service of such process for the Goodpine Lumber Company of Louisiana, Inc., is not questioned.

The defendant excepted that its name was Goodpine Lumber Company of Louisiana, Inc., and not "Goodpine Lumber Company, Inc."

Whereupon plaintiff, by leave of court, filed an amended and supplemental petition correctly describing defendant and service and citation on this amended and supplemental petition were had on the Goodpine Lumber Company of Louisiana, Inc.

Thereupon defendant filed an exception of no cause of action and a plea of prescription of one year.

Before hearing on the plea or exception plaintiff was permitted by the court, over defendant's objection, to file a second amended and supplemental petition.

To the second amended and supplemental petition defendant renewed its exception of no cause of action and plea of prescription.

The exception and plea were heard by the court and both overruled, and defendant, reserving the benefit of the exception and plea, answered admitting the employment of the deceased and that he was slain by a fellow servant of his but denying that the slaying arose out of its employment of the deceased within the meaning of the Workmen's Compensation Act.

On these issues the case was tried and there was judgment in favor of plaintiff and against defendant and defendant appealed.

## OPINION.

Plaintiff's husband was killed September 30, 1925, her suit was filed September 30, 1926, and service was had on October 1, 1926.

Defendant contends that the suit was not brought within the prescriptive period of one year, but cites no authority in support of that contention.

We think a suit filed on September 30, 1926, on a cause of acton accruing on September 30, 1925, is brought within one year.

C. C. 2058, 2061.

Defendant also contends that because the original petition and citation described it as "Goodpine Lumber Company, Inc." they were insufficient to interrupt prescription as against Goodpine Lumber Company of Louisiana, Inc., its real name.

It is not shown or contended that the person on whom the petition and citation were served was not authorized to receive service of such process for the Goodpine Lumber Company of Louisiana, Inc., and we therefore think that under the authority of Blakeney vs. Easterwood; Babin vs. Lyons Lumber Co., and Lemieux vs. Cousins, *supra*, the service of the petition and citation interrupted prescription and that the first and second amended and supplemental petitions related back to the original and cured as of the date of its filing the misdescription of defendant therein.

But defendant also insists that even if the original proceedings were sufficient otherwise to interrupt prescription, yet prescription was not interrupted because the petition did not show a cause of action, in that it does not show that the killing was the result of the employment, or that the employment was the agency producing the killing, or that the employment was such that the risk to the deceased from which his death resulted was greater because of the employment than for a person not engaged in the employment.

The petition alleges, *inter alia*,

"* * * that the injuries resulting in the death of her said husband were received by the said Josh Brown while performing services for said company arising out of and incidental to his employment and in the course of his employer's trade and business."

We think these allegations sufficient to show that the petition was not deficient in the respect claimed by defendant.

Defendant's exception and plea were therefore properly overruled.

There is no serious dispute about the material facts in the case. The evidence clearly shows that plaintiff's husband and one Ernest Mackey were employees of the Goodpine Lumber Company of Louisiana, Inc., and both engaged in doing the same kind of work—moving and shifting lumber and other manual labor at and about a sawmill owned and operated by defendant, and that on the day of the slaying of plaintiff's husband by Ernest Mackey the two had engaged in a war of words over the manner in which each was doing the master's work and about fifteen or twenty minutes after the quarrel Ernest Mackey picked up a piece of iron pipe that was used by them to "break off lumber with," a tool needed and used by them in performing their work, and while plaintiff's husband's back was turned and while he was unaware of Mackey's intention and without any provocation on the part of the deceased

struck him on the head with the iron pipe and killed him.

These facts clearly entitled plaintiff to judgment, under the authority of Ferguson vs. Cady-McFarland Gravel Co.; Byas vs. Hotel Bentley, Inc., and Gilyard vs. O'Reilly, *supra*.

Defendant's counsel in an able brief urge with much earnestness that the law as set forth in Ferguson vs. Cady-McFarland Gravel Co., is not sound and should not be followed.

Be that as it may, it is the decision of our Supreme Court and unquestionably binding on this court as are the decisions in Byas vs. Hotel Bentley, Inc., and Gilyard vs. O'Reilly.

Under the law and the evidence the judgment appealed from is correct and is affirmed.