No. 2511
Second Circuit

---

MARSHALL JONES v. LOUISIANA OIL REFINING CORPORATION
R. J. Miller, Warrantor

---

(November 7, 1925, Opinion and Decree)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servant —Par. 156.**

One who contracted to do a certain piece of work according to his own methods, engaged his teams and his drivers to do whatever hauling had to be done, but never knew what was to be hauled *and where it was to be carried*, the employer directing and controlling him and his employees, must be considered an employee and not an independent contractor under Section 6, Subsections 1 and 2, of the Workmen's Compensation Law, Act No. 20 of 1914, as amended by Act 38 of 1918.

2. **Louisiana Digest—Master and Servant —Par. 156.**

An oil company, in order to produce oil must haul materials used in connection with that business. Therefore, an employee of one engaged to haul material for the oil company is doing work connected with and part of the business of producing oil and within the Workmen's Compensation Law, Act No. 20 of 1914.

3. **Louisiana Digest—Master and Servant —Par. 154, 156.**

Under Section 6, Subsections 1 and 2, of the Workmen's Compensation Act, No. 20 of 1914, as amended by Act 38 of 1918, one who accepted employment under the act which creates an obligation on his part to indemnify defendant in case defendant should be condemned to pay compensation to one of his employees is a personal warrantor of the defendant under Article 379 of the Code of Practice.

4. **Louisiana Digest—Pleading—Par. 66; Master and Servant—Par. 160 (i).**

Under Article 384 of the Code of Practice, a warrantor of the defendant who resides out of the jurisdiction of the court is bound to appear and cannot successfully plead an exception to the jurisdiction.

5. **Louisiana Digest—Master and Servant —Par. 160 (i).**

Under Article 385 of the Code of Practice, where a court renders judgment against defendant, it must also render a judgment in favor of the defendant and against the defendant's warrantor regardless of whether the warrantor resides within the jurisdiction of the court or not. This applies to. the Workmen's Compensation Act No. 20 of 1914, Section 6.

Appeal from First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

This is a suit brought by an injured employee under the Workmen's Compensation Act, No. 20 of 1914, Section 8, Subsection 1 (c), as amended by Act 43 of 1922, and Section 6, Subsection 2.

The defendant called in R. J. Miller, the warrantor, filing an exception to the jurisdiction of the court *rationae personae*, which was sustained.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed against the defendant and further judgment for the defendant against R. J. Miller, warrantor, and dismissing the exception of the jurisdiction filed by the warrantor.

Long & Crow, of Shreveport, attorneys for plaintiff, appellee.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellant.

ODOM, J. The defendant is engaged in the business of drilling, maintaining and operating oil wells in this state. It maintains a general warehouse at Haynesville where it keeps all kind of oil well machinery and supplies which are distributed as they are needed throughout the territory in which it operates. It does not maintain wagons or teams or truck for the purpose of distributing these materials, but it employed R. J. Miller, who owned wagons and teams, to do this hauling for it. Miller was to furnish all the teams the defendant needed and to distribute machinery and supplies as directed by the manager of the defendant company. Mr. P. T. Mize, defendant's production superintendent, testified that the hauling was done under his supervision. Mr. Burkett was in charge of the warehouse, and according to the testimony of Mr. Mize "was to load out teams and fill all orders we gave him for supplies out of his warehouse".

Mr. Burkett directed the driver of the team where to carry the supplies.

Miller was paid $12.00 a day for a team and driver and he paid the driver. His teams were not engaged by the week or month but at such times as the defendant company had hauling to do. They were not engaged to haul any specific kind or quantity of supplies but such as might be directed to be moved by the defendant. If the defendant had work for a whole day Miller was paid $12.00, and if for only half a day he was paid $6.00.

Plaintiff, Marshall Jones, was employed by R. J. Miller to drive one of his teams at a weekly wage of $21.00.

While attempting to load a large flywheel it fell on his leg and broke it just above the ankle. He is still partially disabled, but admits that he is now able to earn $4.00 per week.

He brings this suit against the defendant company for sixty per cent of the difference between his wages at the time he was hurt and what he is now able to earn, under Clause (c) of Subsection 1 of Section 8 of Act 20 of 1914, as amended by Act 43 of 1922, and seeks to hold defendant, Louisiana Oil Refining Corporation, for his compensation under Subsection 2 of Section 6 of the said act.

There is no dispute as to plaintiff's disability, nor as to the amount which he is entitled to recover; but defendant, Louisiana Oil Refining Corporation, denies liability on the ground that plaintiff was not employed by it and that it had no control, supervision or authority over him nor over the manner or method in which he did his work, and that plaintiff was employed by R. J. Miller; that said Miller was an independent contractor under the laws of this state, and that defendant is in no way responsible to the employees of Miller.

In an amended and supplemental answer defendant adopted all the allegations of its original answer and the prayer and alleged that the accident did not arise out of or in the course of the business in which defendant was engaged; and in the alternative alleged that if the court should hold it responsible to plaintiff for compensation, it should be allowed to call R. J. Miller, who employed plaintiff, as a defendant in the case in order that it might have judgment against Miller under Subsection 2 of Section 6 of the Com-

pensation Act as amended by Act 38 of 1918.

There is no merit in the contention that Miller was an independent contractor.

In the case of Dick vs. Gravel Co., 152 La. 993, 95 South. 99, the court quoted approvingly the following from 25 Cyc. 1546:

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer as to the means by which the result is to be accomplished, but only as to the result of the work. Generally the circumstances which go to show one to be an independent contractor, while separately, they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials and his right to control the work while it is in progress except as to the results."

In the case at bar, Miller did not contract to do a certain piece of work according to his own methods. He engaged his teams and his drivers to defendant to do whatever hauling it had to be done. Miller never knew what was to be hauled nor where it was to be carried. Not only that. The defendant company directed and controlled Miller and his employees in what they did. It specified not only what was to be hauled but where to deliver it.

It is clear, therefore, that Miller was not an independent contractor.

Defendant next urges that the accident did not arise out of or in the course of the business in which it was engaged.

In its answer it admitted "that it is engaged in the business of producing and refining oil".

The testimony shows that defendant company was operating in the Haynesville,

Homer and Cotton Valley fields; that it kept its warehouse at Haynesville where its supplies were stored, and that the materials hauled were "gas engines, flywheels, pumps and things connected with the oil fields".

In order to produce oil it had to reconstruct and repair oil wells. The materials hauled by Miller were used in connection with that business.

Such work comes within the provisions of the statute.

See Durrett vs. Woods, 155 La. 533, 99 South. 430.

Plaintiff seeks to hold defendant liable under Section 6 of Act 20 of 1914, as amended by Act 38 of 1918, Subsection 1 of which reads as follows:

"That where any person (in the section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation, or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where the compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed."

It is not seriously contended that defendant is not liable to plaintiff under this section of the statute, but defendant urges its right to call Miller in as a defendant so that it may have judgment against him for whatever amount it may be adjudged to owe plaintiff under Subsection 2 of

Section 6 of the act which reads as follows:

"Where the principal is liable to pay compensation under this section, he shall be entitled to indemnity from any person who independently of this section would have been liable to pay compensation to the employee or his dependent and shall have a cause of action therefor."

R. J. Miller resides in Webster parish. He tendered an exception of the jurisdiction of the court *rationae personae*, which exception was referred to the merits of the lower court.

Miller then filed answer, reserving his rights under his exception to the jurisdiction of the court. In his answer he set up that defendant had no right to call him into the case but:

"In the event that all the foregoing exceptions should be overruled, he answers the allegations as follows: 'He shows that the allegations of fact as set forth in the petition of Marshall Jones are true and correct and he adopts and affirms the same as his answer herein.'"

He prays that the exceptions filed by him be sustained and, in the event they are not sustained, that:

"On trial hereof there be judgment against the Louisiana Oil and Refining Corporation, and that all demands as against him, the said R. J. Miller, be rejected."

The case went to trial on its merits under these pleadings.

Miller took the stand as a witness in his own behalf and gave testimony substantially in accord with that given by the plaintiff concerning the work and the accident.

The court granted judgment in favor of plaintiff and against defendant, Louisiana Oil Refining Corporation, as prayed for, but sustained the exception to the jurisdiction of the court as to Miller.

## ON THE CONSTITUTIONALITY OF SECTION 6

Defendant filed a motion for a new trial in the District Court on the grounds that the judgment was contrary to the law and the evidence and that:

"Section 6 of Act No. 20 of 1914, as amended by Act 38 of 1918, is unconstitutional, null and void, for the reason that the act embraces more than one object, in that in said Section 6 it attempts to make a person liable for compensation for injuries to one·not employed by him. * * *"

The question of the unconstitutionality of the act was not raised in the pleadings nor was it urged on the trial of the case. Defendant has raised the question in a motion for a new trial.

The unconstitutionality of a law is a special plea and must be made an issue in the case. See Code of Practice, Article 327.

See State of Louisiana vs. Widow St. Pomes, 26 La. Ann. 753 (on rehearing).

The motion for a new trial on that ground was properly overruled by the trial court.

The Louisiana Oil Refining Corporation has appealed.

### OPINION

Subsection 2 of Section 6 of the Compensation Act provides that when a principal is liable to pay compensation under the act, he shall be entitled to indemnity from any person who would have been liable to pay compensation to an employee independently under this section and shall have a cause of action against him therefor.

Miller accepted employment under the provisions of the act and thereby became a warrantor to defendant.

There are two kinds of warranty under the Code of Practice, real and personal.

Personal warranty is that which takes place in personal actions. It arises from the obligation which one has contracted to pay the whole or a part of the debt due by another to a third person. Code of Practice, Article 379.

As stated, Miller accepted employment under the act, which creates an obligation on his part to indemnify defendant in case defendant should be condemned to pay compensation to one of his employees. He is therefore a personal warrantor of defendant under Article 379 of the Code of Practice.

Article 384 of the Code of Practice provides:

"Court in which main action brought has jurisdiction over warrantor, exceptions and defenses of. The warrantor thus cited is bound to appear before the court in which the principal demand has been instituted, even when he resides out of its jurisdiction, in order to defend the suit for the defendant; he may plead every exception in defending the cause which the defendant himself might have pleaded, even such as are personal to such defendant."

Under this article of the Code the fact that Miller resides out of the jurisdiction of the court does not relieve him of the duty to appear. He is bound to appear, even though he resides out of the court's jurisdiction. Therefore, the lower court in sustaining the exception to the jurisdiction erred.

The case went to trial with Miller before the court under his answer. His answer is virtually an admission of his liability to plaintiff for any injury which he may have sustained.

Miller was engaged in a hazardous occupation and employed plaintiff as a teamster.

Durrett vs. Woods, supra, 155 La. 533, 99 South. 430.

Miller was before the court and made, or had the opportunity to make, whatever defense to plaintiff's action he saw fit. There is, therefore, no necessity for remanding the case for further trial or judgment. This court has before it the whole case on its merits as to the liability of all parties concerned, and there is no reason why it should not render such judgment as the lower court should have rendered.

As already stated, there is no dispute as to plaintiff's injuries, his disability at the time of the trial, or the amount which he should recover.

Article 385 of the Code of Practice provides:

"If the defendant is cast in the action, the judge, when he gives judgment against such defendant, must render at the same time a judgment in favor of the defendant against his warrantor, for whatever indemnity may be due to such defendant. * * *"

Under this article it was the court's duty to render judgment in favor of defendant, Louisiana Oil Refining Corporation, against R. J. Miller for whatever amount the court allowed in favor of the plaintiff.

The court rendered judgment in favor of the plaintiff and against the defendant for compensation of $12.60 per week during disability, not to exceed 300 weeks. In fixing the compensation at $12.50 per week the court evidently overlooked the fact that plaintiff alleged in his petition that he was able to earn $4.00 per week. When injured, he was earning $21.00 per week. He is entitled, under Act 43 of 1922 (the act under which this suit is brought), to sixty per cent of the difference between that due on May 18, 1925, with legal interest on was able to earn thereafter, or the sum of $10.00 per week.

Counsel for defendant, Louisiana Oil Refining Corporation, says that his client is entitled to credit for the amount which

Miller has contributed or paid to plaintiff and we think this is correct.

Testimony admitted without objection shows that Miller has advanced to plaintiff some amounts and has furnished him a house to live in worth $2.50 per week. It is not very definite, however, just how much he has advanced him. The plaintiff testified that Miller had advanced him about $35.00 per month and a house to live in worth $2.50 a week. He further states that what has been advanced to him would amount to about $7.50 per week in board. We do not understand that he meant to say that Miller had advanced him $35.00 per month in addition to board. If he advanced him $35.00 per month and the house, which was worth $2.50 per week, the total is about $45.00 per month.

We have found that plaintiff is entitled to $10.20 per week, which is equivalent to $44.20 per month, counting four and a third weeks to the month. Therefore, up to the date of the trial, the plaintiff had been paid by Miller approximately the full amount of his compensation. We think, therefore, it is proper to allow the defendant, Louisiana Oil Refining Corporation, credit on the judgment for compensation paid the plaintiff up to the date of the trial, which seems to have been on May 11, 1925.

The court found, and we think correctly, that the first payment was due on January 24, 1924. From January 24, 1924, to May 11, 1925, is 67 weeks. Defendant should, therefore, pay plaintiff compensation during disability not beyond 300 weeks, less 67 weeks already paid by Miller, the first payment to be paid by defendant being decreed due on May 18, 1925, or one week after the trial. Whether Miller has made

payments and allowance to plaintiff since the trial, we, of course, have no means of knowing; but if he has, defendant is entitled to credit for that also, and its right to make proof on that point is reserved.

For the reasons assigned it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Marshall Jones, and against the defendant, Louisiana Oil Refining Corporation, for compensation at the rate of $10.20 per week during plaintiff's disability not beyond 300 weeks, dating from January 24, 1924, subject, however, to credit for compensation paid up to May 11, 1925, or a period of 67 weeks, the first payment to be made under this judgment being decreed due on May 18, 1925, with legal interest on all payments from the date due until paid.

It is further ordered, adjudged and decreed that the judgment of the lower court sustaining the exception to the jurisdiction of the court *rationae personae* filed by R. J. Miller be reversed and that said exception be overruled.

And it is further ordered, adjudged and decreed that the defendant, Louisiana Oil Refining Corporation, have judgment against and recover from R. J. Miller the sum of $10.20 per week during the disability of the plaintiff, Marshall Jones, not beyond 300 weeks, dating from January 24, 1924, subject, however, to credit for compensation paid up to May 11, 1925, or a period of 67 weeks, the first payment to be made under this judgment being decreed due on May 18, 1925, wih legal interest on all payments from the date due until paid, and all costs of this suit, except costs of appeal, which are to be paid by plaintiff.