No. 14,622

First Circuit

SYBILLE v. KELLY-WEBER CO., INC.

(December 4, 1928. Opinion and Decree.)

Griffin T. Hawkins, of Lake Charles, attorney for plaintiff, appellee.

Pujo, Bell and Hardin, of Lake Charles, attorneys for defendant, appellant.

ELLIOTT, J. The plaintiff, Chris Sybille, while in the employment of Kelly-Weber Company, Inc., had his left arm broken. The injury took place on January 29, 1928, and while the plaintiff, Sybille, was engaged in the performance of service arising out of and incidental to his employment and in the course of his employer's business. He was receiving wages at the rate of four dollars a day at the time, and was working seven days a week, which made $28.00 dollars a week. He alleges the permanent total loss of the use of his arm and claims compensation on said account at the rate of 65 per cent of his weekly wages for two hundred weeks, under the provisions of Section 8 (amending Act 85 of 1926) of the Employers' Liability Act of this State.

Compensation to the extent of $218.40 has been paid.

The difference between the parties is as to the extent of plaintiff's injury. Defendant contends that plaintiff's arm can

be almost entirely restored to normal use by an operation, the danger of which is negligible. That if performed, plaintiff's arm will be thereby restored to normal use within twelve weeks. That plaintiff has been offered an operation at defendant's expense, but he refuses to permit it to be performed.

Defendant prays that plaintiff be required to take the necessary medical and surgical treatment for the purpose, and if he refuses that the Court then fix the period of time required for the necessary treatment, not to exceed twelve weeks and to render judgment for compensation during that time. Judgment was rendered in favor of the plaintiff as prayed for.

The judge of the lower court had plaintiff before him and examined his arm. As soon as plaintiff was injured, defendant sent him to the sanitarium at Lake Charles, where his injury was treated by a physician and surgeon, presumably in the employ of the defendant. The physician after six weeks of treatment informed plaintiff that he was well, able to resume work and discharged him from the hospital. As a matter of fact he was not able to resume work. It appeared on the trial of the case in the lower court, which took place on June 7, 1928, and some two months or more after his discharge that his arm was useless for the purpose of performing manual labor, the only kind that he was qualified to perform.

Seven physicians were called as witnesses and after examining his arm, testified concerning plaintiff's condition. They all advised an operation, the readjustment of the broken bones and putting on a bone plate. The bone for this purpose was to be cut from plaintiffs' thigh and screwed down to the bones on his arm so as to hold the ends in place until they could unite. They all agree that an operation of the kind is very serious, but that such an operation of that kind would help a great deal if it proved successful, and they believed that it could be successfully done. Some were more certain about it than others, and some were doubtful that the use of the arm for the purpose of manual labor would be restored, that the result would be a problem which could only be ascertained after it had been tried. All agreed, however, that an operation of the kind would require a general anaesthetic, and while reasonable safety to plaintiff's life could be expected, yet there was appreciable danger to life against which they could not guarantee. That there was also, in addition, a further risk to his life from infection as a result against which they could not guarantee. Some stressed the risk of infection in bone operations as greater than the others. In fact two of the physicians who had been specially trained in surgery of the kind while stressing the danger from infection, advised as did the others that the risk should be undertaken, as the operation was the only way of helping the situation. All agreed that plaintiff's arm in its present condition is a total loss, but the physician who first treated the injury expressed the opinion that plaintiff, without an operation, would recover the normal use of his arm within a year from the time of the trial. Two of the others called by defendant expressed the opinion that plaintiff would improve within a year and that the loss of use would not at the end of that time be greater than 25 or 30 per cent. As against this testimony the four others expressed the opinion that unless an operation was performed and the operation had the desired result, that no improvement would take place that would

restore plaintiff's arm to use for the purpose of manual labor. According to the evidence, plaintiff's arm in its present condition is a total loss in the matter of use, for the purpose of manual labor. An operation might restore it to use for that purpose, but the result cannot be ascertained in advance. If its use is not restored by an operation, the permanent total loss of the use of the arm for the purpose of manual labor may be looked for and expected with reasonable certainty according to the preponderance of opinion on that subject. Such is our conclusion from the evidence.

Defendant contends that plaintiff's arm is only partially disabled and that the injury is rather to the wrist than the arm. We think otherwise. The plaintiff has sustained a total loss of the use of his arm and unless its use for the purpose of manual labor is restored by an operation, the loss in our opinion, is permanent.

The defendant desires that a time be fixed in which plaintiff may submit to an operation, and if he refuses, that compensation cease within twelve weeks. Defendant cites Smith vs. Butler, 7 La. App. 338, as supporting this request. In that case the injured party had submitted to an operation and then refused to let it be finished by removing the bone plate. That is not the situation in the present case. In the case at hand, no operation has been performed nor consented to, hence there is none to complete. An order of the kind would therefore be uncalled for in this case.

Then again following the case of Bronson vs. Harris Ice Cream Co., 150 La. 455, 90 So. 759, we have held several times that we will not enter an order of that kind for the purpose of giving an employer merely a chance of lessening the compensation he may be called on to pay, at the risk of the life of the injured employee, and when the result after all is problematical.

The judgment appealed from condemns the defendant to pay compensation during the period of total disability for the performance of manual labor not to exceed two hundred weeks and gave credit for the amount received.

The judgment is in our opinion correct.

Judgment affirmed. The defendant to pay the costs in both courts.