No. 3746

Second Circuit

SEABURY v. ARKANSAS NATURAL GAS CORP.

(March 24, 1930.   Opinion and Decree.)
(April 10, 1930.   Rehearing Refused.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellee.

John B. Files, of Shreveport, attorney for defendant, appellant.

WEBB, J.   The Arkansas Natural Gas Corporation was engaged in the mining business, drilling and operating oil and gas wells, in the Tullos Field situated in this state.   On or about September 26, 1928, de-

fendant employed Tom Jarrell, who was engaged in the teaming business in that field, to haul steel pipe which had been removed from one of defendant's wells to another, or a distance of about three-quarters of a mile. Jarrell owned the equipment, wagons, and teams, and employed the driver, his usual charge being $15 per day for each wagon and team employed, and it is stated by the representative of defendant that it was on that basis that the pipe was to be hauled. Carl Seabury was one of the drivers employed by Jarrell, and the wagon and team assigned by Jarrell to haul the pipe was driven by Seabury, who, while hauling the pipe, fell from the wagon, breaking his leg in such manner that it was necessary to amputate the limb.

Seabury brought the present action against the Arkansas Natural Gas Corporation to recover compensation under provisions of the Employers' Liability Act (Act No. 20 of 1914, as amended), and defendant appeals from a judgment in favor of plaintiff.

There was not any conflict in the evidence, and in addition to the facts stated above, it was shown that Jarrell carried insurance, that plaintiff had instituted suit against him and his insurer to recover compensation, and that the action was pending at the time of the trial, and there was evidence tending to show that plaintiff worked under the direction and control of Jarrell, and the evidence also established that the steel pipe removed from one of defendant's wells was to be used in cleaning the well to which it was being hauled, and the wells were operated by defendant as a unit.

In presenting the cause here, counsel have suggested many questions. But as we gather from the briefs, appellant contends that the facts show that Jarrell was an independent contractor engaged in a hazardous business, within the meaning of the statute, and that plaintiff could look to Jarrell alone for compensation; and further that plaintiff, having brought suit against Jarrell and his insurers, had waived any right he may have had against defendant and had released defendant from any liability which may have existed, and that plaintiff was estopped. And while plaintiff and appellee denies that the facts show that Jarrell was an independent contractor, he contends that whether he was or not, the facts show that the work undertaken by Jarrell, hauling the pipe from one of defendant's wells to another where it was to be used in cleaning the well, was a part of the business of defendant, and that defendant was liable to Seabury under the provisions of section 6 of the statute, which reads as follows:

"That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any other person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed."

In Helton v. Tall Timber Lumber Co., 148 La. 180, 86 So. 729, it was said that, "Under Workmen's Compensation Act, sec. 6,

one employing an independent contractor was liable for the death of one working for the contractor, if the workman was an employee and not himself an independent contractor," and conceding that the business of Jarrell, "teaming contractor in the oil field," was a hazardous business, within the meaning of the statute (Durrett v. Woods, 155 La. 523, 99 So. 430), as that of "felling trees and cutting them into logs" (section 1, subsec. 2, paragraph (a), Act No. 20 of 1914), which was the business of the contractor, employee of plaintiff in the Helton case, and considering that in the Helton case, as in the present, the principal of the contractor was sought to be held liable, we think the expression quoted from the Helton case is applicable to the present case; with that view, we do not deem it necessary to consider the contractual or legal relationship of Jarrell and defendant, and as it has been expressly held, contrary to the suggestion of counsel, that the word "principal" in section 6, quoted above, includes the person engaged in the hazardous business (Clementine v. Ritchie, 1 La. App. 296; Zeller v. La. Cypress Lbr. Co., 9 La. App. 609-612, 121 So. 670), it is only necessary to determine whether the work undertaken by Jarrell was a part of the business of defendant.

While counsel has not discussed that phase of the case, the statute (section 1, subsec. 2, paragraph (a), Act No. 20 of 1914) declares that the "operation, construction, repair, removal, maintenance * * *" of oil, gas, to be hazardous, and in the present instance it appears that the work being done by defendant and let to Jarrell was a part of defendant's business, and we are of the opinion that the defendant was liable.

One the plea of estoppel, defendant contends, that plaintiff, having sued Jarrell and his insurer, waived any right he had against defendant, and in support of the contention cites Morgan's La. & Tex. R. & S. S. Co. v. Stewart, 119 La. 392, 44 So. 138, without further comment; but the decision cited does not support the position. Plaintiff had one remedy, and the right to enforce it against either of two solidary obligors (section 6, par. 3, Act No. 20 of 1914), and an action against one of the solidary obligors does not release the other (article 2095, Civil Code).

The judgment appealed from is affirmed.