### ADAMS v. HICKS CO., Limited.
#### No. 4583.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Rehearing Denied July 15, 1933.

Stephens & Gahagan, of Natchitoches, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

DREW, Judge.

In this case the judge below rendered a written opinion rejecting the demands of the plaintiff. We fully agree with this opinion and adopt it as the opinion of this court. It is as follows:

"The plaintiff, Mrs. Johnnie Adams, acting for herself and on behalf of her minor child, brings this suit against Hicks Company, Limited, on account of the accidental death of her husband on May 22, 1932, while riding on a truck belonging to L. M. Donaldson.

"The testimony shows that L. M. Donaldson was an independent contractor, hired by Hicks Company, Limited, to transport sugar from South Louisiana to the defendant's place of business in Shreveport.

"Plaintiff's husband was employed by Donaldson, according to the best evidence available, for $15 per week, to assist in hauling sugar and other groceries for Hicks Company mainly, but occasionally also for others desiring motor transportation.

"The truck operated by Donaldson and on which plaintiff's husband came to his death had the name of Hicks Company, Limited, painted on the side of it; but it is clear, we think, from the testimony, that the truck did not belong to Hicks Company, Limited, but to Donaldson. The reason for Hicks Company's name being painted on it is explained in the testimony, but it is not necessary to give the explanation here.

"The only question to be determined in this case is whether or not section 6 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, § 1, renders the defendant liable under the circumstances of this case. The language of section 6 of Act No. 20 of 1914, as amended by the above named act, is as follows:

" 'That where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work of his dependent any compensation under this act which he would have been liable to pay if that employee had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.'

"The plaintiff relies in this proceeding upon the case of Seabury v. Arkansas Natural Gas Corporation, 14 La. App. 153, 127 So. 25, and upon the case of Carter v. Colfax Lumber & Creosoting Company, 9 La. App. 497, 121 So. 233.

"The defendants in the two cases cited were companies engaged in hazardous occupations. If the wholesale grocery business is a hazardous occupation under the authority of the cases cited and under the authority of section 6 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, § 1, the defendant is liable.

"It seems to be well settled, however, under the jurisprudence, that the Compensation Law only applies: (1) To those businesses specially named in the act; (2) those that have elected to come under the terms of the act; and (3) those determined in advance by the courts to be of a hazardous nature. See section 1, subsec. 3 of Act No. 20 of 1914; also, Smith v. Marine Oil Company, 10 La. App. 674, 121 So. 782.

"According to the testimony in this case, the wholesale grocery business does not fall under any of the subdivisions above named, and is not a hazardous business; the principal business of the wholesale grocery companies being the buying of groceries from producers and the selling of same to retail grocers.

"It is true that the defendant does use trucks in its business. The use of such trucks, however, is only incidental, and the testimony shows that Hicks Company, Limited, and other wholesale grocery companies in this section use trucks for delivery to their customers, but do not use their own trucks to transport groceries from distant points to their places of business here for the purpose of replenishing their stock. For that purpose both defendant and other local wholesale grocers resort to the use of motor transport contractors and railroad transportation.

"Had the plaintiff's husband been killed while at work on one of Hicks Company's own trucks there is no question in the court's mind but that the Hicks Company, Limited, would be liable in this case. See Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303. In that case the employee was a direct employee and not remote, as in this case.

"The difference in this case and in the cases of Seabury v. Arkansas Natural Gas Corporation and Carter v. Colfax Lumber & Creosoting Company is that in the first-nam-

244

ed cases the defendants were engaged in businesses which were in themselves hazardous, while in this case the defendant, Hicks Company, Limited, is engaged in the wholesale grocery business, which is not in itself a hazardous business.

"In the case of White v. Equitable Real Estate Company, 18 La. App. 714, 139 So. 45, the law is stated in the syllabus to be as follows:

" 'Real Estate owner leasing property may employ independent contractor to make repairs without rendering himself liable for compensation of contractor's injured employees.'

" 'To render employer liable under Employers' Liability Act, it is not enough that injured employee was engaged in hazardous occupation, but employer's occupation must be hazardous.'

" 'Workmen's Compensation Law is inapplicable to one engaged in non-hazardous occupation, who employs independent contractor, though latter's employees' work is within act.'

"In the White Case, from which we have quoted above, the defendant was engaged in the real estate business, which is nonhazardous, but, as an incident to the carrying on of its real estate business, had occasional repairs made to real estate handled by it, and the making of these repairs is a hazardous business. If the real estate business had been held to be a hazardous business, or had been specified in the act as a hazardous business, the defendant, no doubt, would have been held liable in the case under discussion.

"We feel constrained to hold that the Seabury Case, 14 La. App. 153, 127 So. 25, and the Carter Case, 9 La. App. 497, 121 So. 233, are not controlling in this case, for the reasons that in those cases the defendants were engaged in hazardous occupations, while in this case the defendant is engaged in a non-hazardous occupation.

"We perhaps can do not better than to quote from the case of White v. Equitable Real Estate Company, Ltd., in explanation of the distinction drawn between the liability as to hazardous and nonhazardous occupations in their relation to employees of independent contractors. In the case referred to the court said:

" 'We feel that the distinction lies in the fact that in that case the trade, business or occupation of defendant—building houses—is hazardous, and is specifically referred to in the compensation laws, whereas here the business of defendant was owning and renting of improved realty, which is neither hazardous, nor within the contemplation of the statutes. True enough, incidental to the owning and renting of improved realty is the making of repairs, and true it is, also, that one who makes those repairs is engaged in a hazardous occupation, but it is not enough that the employee be engaged in such employment. It is also necessary that the trade, business or occupation of the employer himself be hazardous. In a case the facts of which, in legal principle involved, much resemble those which now confront us, our Supreme Court said:

" ' " * * * It is not enough that the work done should be hazardous if it be not also incident to or in the course of the trade, business or occupation of the employer which is within itself hazardous under the statute." Shipp v. Bordelon, 152 La. 796, 800, 94 So. 399, 400.'

"For the reasons assigned, the plaintiff's demands will have to be rejected.

"Robert Roberts, Judge First District Court."

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.