WILLIAMS et al. v. O. K. CONST. CO., Inc., et al.

No. 4664.

Court of Appeal of Louisiana.
Second Circuit.

June 4, 1934.

For former opinion, see 151 So. 784.

Isaac Wahlder, of Alexandria, for appellants.

Thornton, Gist & Richey, of Alexandria, for appellees.

TALIAFERRO, Judge.

All issues raised in this case were definitely passed on by us in our original opinion (151 So. 784), except that involving the right of the principal contractor, O. K. Construction Company, to call its subcontractor, Ben Willson, in warranty and recover against him the same judgment as was rendered against it, in favor of plaintiffs, dependents of the deceased employee of the subcontractor, it being disclosed that said principal contractor carried protective insurance against loss to it arising from injury to or death of the subcontractor's employees. We did not pass on the question originally because it was not touched upon by counsel in oral argument, nor mentioned in brief. We assumed the matter was of no importance to the principal contractor and was therefore abandoned. On the application of the principal contractor and its insistence that the question was not abandoned by it, a rehearing was granted to it on this one question. Counsel for Willson, subcontractor, did not appear or file brief when the case came up for argument on rehearing. This being true, the inference is somewhat strong that the defenses urged by him against the call in warranty are considered of little or doubtful merit.

■ The facts bearing upon the question are not controverted. They are fully set out and discussed in the original opinion. A point of law only is presented. The right of the principal contractor, when sued for compensation by an injured employee of the subcontractor or his dependents, to call the subcontractor in warranty is clearly provided for by paragraph 4 of section 6 of the Workmen's Compensation Law (Act No. 20 of 1914, as amended, by Act No. 85 of 1926). Jones v. Louisiana Oil Refining Corp., 3 La. App. 85.

Willson's position, reflected from his answer, is that since the O. K. Construction Company was protected from loss by compensation insurance, the right given by the statute against the subcontractor was ineffective. In other words, that in such case there is no right of action in favor of the principal contractor against the subcontractor because the former would, in fact, not have to pay the judgment from its own funds, but that same would be paid by his insurer. The right granted by the statute is absolute. A subcontractor may protect himself from the payment of compensation to his injured employee or his dependents, in event he is killed in the course of his employment, as easily as the principal contractor, by carrying insurance against such payments. This was not done in this case.

The subcontractor is not concerned with the contractual relations existing between the principal contractor and its insurer, and not being privy thereto, has no standing to invoke the benefits flowing from such relation to escape a liability the law definitely fastens on him. Regardless of the indemnity the insurer is engaged to discharge to the principal contractor, the liability of the latter is absolute as regards plaintiffs. Plaintiffs have the unqualified right to enforce their judgment against the principal contractor or its insurer, or both. Should the insurer default or become insolvent, the principal contractor may be forced to discharge the judgment alone.

■ Counsel for O. K. Construction Company, principal contractor, in closing their brief, say that its insurer, United States Fidelity & Guaranty Company, is entitled to the same judgment against the subcontractor as shall be awarded herein in favor of the principal contractor. The application for rehearing was made only by the O. K. Construction Company and, in granting it, we expressly restricted the rehearing to the right of the applicant to call the subcontractor in warranty and secure such judgment against him as was awarded against it. In view of this situation, no relief can be granted the surety company. As to it, our original decree is final.

For the reasons assigned, the judgment appealed from, denying relief on the call in warranty of the O. K. Construction Company, is annulled, reversed, and set aside; and there is now judgment in favor of O. K. Construction Company and against Ben Willson on its call in warranty for the same amount and on the same terms as was awarded herein by this court against O. K. Construction Company in favor of plaintiffs, to wit, for $900, payable $3 per week for 300 weeks, beginning August 21, 1932, with 5 per cent. per annum interest on each installment from its due date, and judgment for the additional sum of $50 for funeral expenses, etc., with 5 per cent. per annum interest thereon from August 8, 1932, until paid, and costs of suit.