### BACLE v. COCHRAN & FRANKLIN CO., Inc.

### No. 6127.

Court of Appeal of Louisiana.
Second Circuit.

May 3, 1940.

Madison, Madison & Files, of Bastrop, for appellant.

George Wesley Smith, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff was injured when the light Ford truck he was driving en route to his home from his work, collided with another motor vehicle, and sues his employer, Cochran & Franklin Company, Inc., for workmen's compensation. The accident occurred several miles from the locus of his work. The right to recover is based upon the contention that defendant obligated itself, as a condition of the contract of hiring, to provide plaintiff with transportation to and from the locus of his employment. Defendant definitely joins issue on this factual question, and, in addition, defends the suit on the ground that the character of work plaintiff was engaged by it to perform, and which, the day of the accident, he did perform, to-wit, repairing plantation tenant houses, was not a part of its regular trade, business or occupation, and, therefore, the injuries sustained, if for no other reason, are not compensable. Plaintiff's demands were rejected, and he appealed.

The testimony leaves no doubt in our mind that defendant did not agree to furnish plaintiff transportation to and from his work, and, this being true, his demand was properly rejected below. This conclusion obviates consideration of the other urged defense.

Plaintiff, prior to the accident, mainly followed carpentry and blacksmith work for a livelihood, and had performed such work for defendant at different times. He was without employment in the early part of December, 1937, and applied to defendant's president, Mr. George B. Franklin, whom he knew very well, to lease some tillable land of the Scales Place in Richland Parish for 1938, on which to make a crop. This place was owned by Mr. Franklin's wife. Mr. Franklin was favorable to the proposition and carried

plaintiff in his car to the place some fifteen miles away. At that time some of the tenant houses on the place needed repairing. Mr. Franklin, being aware of plaintiff's ability to do rough carpentering, arranged with him to do this repair work. On arriving at the place, plaintiff was introduced to the manager, Mr. W. A. Johnston, who resided thereon. Johnston pointed out to him a cabin, which it was agreed he could live in while farming, and some of the land available for his use as tenant. The house, however, was occupied and its possession was not assured before January 1st. Plaintiff was anxious to begin the repair work. He lived fifteen miles away.

The light truck plaintiff was driving when injured belonged to the manager, Johnston. It was used on and about the farm. Plaintiff testified that Mr. Franklin "demanded" that he use the truck to, come to and return from his work. He gives no reasonable explanation why such a demand should have been made upon him. He was being paid a fair wage per day for his services. There is no reason,·good or otherwise, advanced or discernible to us, for requiring him to use the truck gratis. Its use or non-use would not have affected his daily wage.

In the course of discussions between Franklin and plaintiff, the latter mentioned that he had an old car which he could use in going to and returning from his work until possession of the house was given, if supplied with a new battery. Mr. Franklin agreed to advance him on his work enough cash to pay for the battery but plaintiff did not avail himself of the proffer.

Mr. Johnston testified that after plaintiff mentioned the need of a battery for his own car, he asked about borrowing Johnston's truck to use in coming to and returning from work, to which Johnston replied that he "would see about it." After plaintiff began work, Johnston testified he loaned him the truck at his own request, and being without funds, authorized him to buy some gasoline for fuel at a station at which Johnston's son worked, and to charge the price thereof to him (Johnston), which was done. The cost of the gasoline was to be deducted from plaintiff's earnings.

Johnston is positive that Franklin never suggested to him that plaintiff be allowed the use of the truck, as was done. Anent the circumstances of allowing plaintiff to use the truck, Johnston testified as follows:

"Q. Wasn't it customary to furnish transportation or to loan the truck to employees, on the Scales Place? A. I don't know what had been customary before; I just voluntary (sic) loaned him the truck because he asked me to; I thought I would help the man out so he could stay at home; he said he would rather stay at home than stay away."

Mr. Franklin is positive that he did not agree, nor was he asked to agree, to furnish plaintiff transportation to and from his work on the Scales Place. That matter was left entirely to plaintiff to work out. He did not know that plaintiff was using Johnston's truck until after the accident.

In keeping with the defensible policy of liberal construction of the Employers' Liability Act, Act No. 20 of 1914, as regards the injured employee or his dependents, in case of death, the courts of this state have uniformly held that where, as a concomitant of the contract of hiring, the employer obligates himself to transport the employee to and from the scene of his work, and he is injured or killed on either trip, the case comes within the purview of the Act, because, it is held, the services of the laborer begin when he boards the means of conveyance to his work and end when he alights therefrom on the return trip. Mahaffey v. Mill Creek Lumber Co. et al., La.App., 147 So. 834; Keyhea v. Woodard-Walker Lumber Co., Inc., La. App., 147 So. 830; Williams et al. v. O. K. Construction Co., La.App., 151 So. 784; Fowler et al. v. Louisiana Highway Commission, La.App., 160 So. 813; Prevost v. Gheens Realty Company, 151 La. 508, 92 So. 38.

But as the cited cases establish an exception to the rule that for injuries to be compensable, the workman, when injured, must have been on or about the premises of his employer or on a mission for him, within the scope of his employment, strict proof should be submitted to warrant holding that a given case falls within the exception. If such proof is not presented, of necessity, it must be held that when injured the workman was not "performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation." In the present case defendant has clearly established that plaintiff's case does not fall within the rule expressed in

the cited cases and, for this reason, the judgment appealed from is affirmed with costs.